Toole, administrator, *et al. vs.* Perry, administrator, *et al.*

Where a testator directed that all of the property which was to go to his daughters and their children under his will was to be free from the control, debts and liabilities of their present or any future husband, and for their sole and separate use, the husbands of those under coverture when the will took effect being appointed trustees respectively of the portions given to their wives and children; and where one of the daughters had married before the making of the will, and two of the children born of her were in life at the death of the testator, and others were born after his death, and her husband died and she remarried and by her second husband had several children, all of her children, and not simply those in life at testator's death, took under the will equal interests in the property.

July 11, 1888.

Wills. Estates. Before Judge Harris. Troup superior court. November term, 1887.

Reported in the decision.

Longley & Pittman, by brief, for plaintiffs in error.

D. J. Gaffney and D. H. Bigham, by brief, *contra.*

Blandford, Justice.

Young Hall made a will and died. In the 5th item thereof appears the following:

"All of the property which is to go to my daughters under the will, I give to them and each of them and their children, free from the control, debts and liabilities of their present or any future husband, to

and for their sole and separate use. I desire that the husbands of those under coverture when this will takes effect shall be their trustees respectively of the portion given to their wives and children.''

Margaret F., one of the daughters of the testator, had, before the making of the will, intermarried with John A. Estes, and by him had two children who were in life at the death of the testator, and other children who were born subsequently to the testator's death. Estes died, and she intermarried with W. P. Bruce, and by him had several children.

The main question in this case, and the only question we deem it necessary to decide, is whether, under this will, all of the children of Margaret F. were entitled to participate in this property upon the death of the mother. The question was left to the decision of the chancellor in the court below, and he held that none of the children of Margaret F. but those who were in life at the death of the testator, took any interest under the will; and that decision is excepted to.

We think that the court below erred in this construction of the will. We think, from the language of the will, that it was the intention of the testator that all of the children of his daughter, Margaret F., born and to be born, should be entitled to participate in the property. He uses the words, '' free from the control, debts and liabilities of their (his daughters') present or any future husband ''; and in referring to the husband as he does here, it is to be inferred that he had in view the probability, naturally flowing from the relation of husband and wife, that other children would be born to his daughters than those who might be in life at the death of the testator. He speaks not only of the present, but the future husband. And the reasonable inference is, that in referring to his daughters' children, he meant not only those who were alive at the time of his death, but such as might be born thereafter, and who would be equally near to him and equally entitled to be objects of his bounty. We think that the chancellor

took too narrow a view of the testator's intention when he restricted it to the two children in life at his death; and we direct that the decree be so shaped as to allow all of the children of Margaret F. to participate in this fund.

Judgment reversed.