ESTILL *vs.* BEERS *et al.*

Under section 2250 of the code, as construed in *Ewing vs. Shropshire,* a conveyance to three daughters, one of them having a child at the time and the others none, passes an estate in common to the one daughter and her child, and a sole estate in fee to each of the other daughters.

April 8, 1889.

Estates.    Deeds.    Sales.    Before Judge ADAMS. Chatham superior court.    June term, 1888.

Rollin A. Beers petitioned the superior court for a partition of certain real estate, alleging that he was the owner of one undivided fourth as tenant in common with Harriet Cazenove Jones (owning one fourth), Harriet C. and Benj. L. Minor, children of Hubbard Taylor

Minor, having as their guardian Geo. W. Owens (own-
ing one fourth), and Henry C., Paul C. and Maria C.
Lamar, children of G. deRosset Lamar, having as their
guardian Bryan Cumming (owning one fourth); that
no provision, by will or otherwise, was made as to how
the lot should be divided between the tenants in com-
mon; that a fair and equitable division could not be
made by metes and bounds, by reason of improvements;
and that a sale was necessary for the purpose of division
between the tenants in common.

A defence to this application was made and subse-
quently withdrawn; and an order for public sale of the
property by three named commissioners was passed.
At the sale, the land was knocked off to John II. Estill,
the highest bidder, for $5,825; and the commissioners
made their return to the court. Upon motion to con-
firm the sale, Estill made the following objections:

The proceedings for partition, under which the sale
took place, are defective, in that the petition does not
properly and correctly set out the share and interest of
each of the parties concerned in the title, nor was there
acknowledgment of notice or waiver thereof by said
parties, nor were all parties interested before the court
and bound by the decree. Other parties besides the
petitioner and the parties notified, to-wit, James Sout-
ter, Robert Soutter, Lamar Soutter, and Ganne Félicité
Lucile Rose Marie Belynde Ange le Comptesse d'Auxy,
were interested in the title, and own a one fourth undi-
vided remainder interest therein. The Countess d'Auxy,
of those named, is a minor, and is a *cestui que trust* in a
trust estate having an interest in the property, her
trustee having died and no new trustee appointed to
represent her. None of these named persons were made
parties to the partition proceedings; they did not ap-
pear therein, nor are they bound by the decree rendered

or the sale made. Another minor, one Jones, one of the *cestuis que trust,* whose trustee died and no new trustee was appointed, is also interested in the property to the extent of one fourth undivided remainder interest, nor is her interest bound by the decree rendered or the sale made thereunder. The persons named, who were not made parties to the partition proceedings, are interested in the lot in the following manner:

On July 2, 1866, Gazaway B. Lamar conveyed the lot to G. deRosset Lamar, as trustee, in trust for the use, benefit and advantage of the said G. deRosset Lamar and his three sisters, Charlotte A., Anne C. and and Harriet C. Lamar, share and share alike; the portions of the sisters to be settled severally and separately upon each of them, so as not to be responsible for the debts of any husband they had or might have, but for the sole use, benefit and advantage of each of these sisters and their child or children. · The deed is exhibited. At the time of its execution, Charlotte A. was the wife of Robert Soutter, and had one child, James Soutter, who is still living; afterwards she had other children, Robert and Lamar Soutter; and afterwards her husband, Robert, died, and she has since intermarried with the Duke d'Auxy, by whom she has one child, the said Countess d'Auxy, minor. After the deed was executed, Harriet C. intermarried with Frank C. Jones, is his present wife, and by him has one minor child, already mentioned. G. deRosset Lamar died, leaving the trust estate unrepresented; no trustee has been appointed in his stead ; and the trust estate is executory, and no one represents it. The children of Charlotte A. and Harriet C. have an interest in remainder in the property conveyed by the deed, or are tenants in common with their mothers. The trust estate not being represented, and these children not being parties, they

were not bound by the decree for partition nor by the sale. Caveator bid on the property with the distinct understanding with the commissioners that he would have thirty days within which to investigate the title thereto, and that if such title was not good, he would not be required to take it. In pursuance of an announcement made at the sale by one of the commissioners, the papers relating to the partition proceedings and to the title, including a deed by the Duchess d'Auxy (formerly Charlotte A. Lamar) to Rollin A. Beers, conveying her one fourth interest to him, were submitted to objector's attorneys; and on investigation, it was discovered that the parties who applied for partition and obtained a consent order for sale did not have the entire title to the property, and that the title was defective as heretofore stated. It would be inequitable to confirm the sale and compel caveator to take the property on his bid, which was for the full value, relying on the assurance that it was subject to his right to investigate title, of which he was absolutely ignorant. The facts as to the defect therein were well-known to the petitioner for partition and the other parties in the cause; and it is to their interest to have the sale confirmed, thereby relieving them of the burden of any question of their title and shifting it to caveator, who will have no redress after the money is distributed to them. The proceeding under which the sale took place was *ex parte*, the parties notified appearing and consenting to the decree. This question of title was raised by the objections made to the petition for partition, but not passed on by the court, as the objections were withdrawn. Under the circumstances, the enforcement of the bid would be a fraud on caveator, who has no remedy save by this objection.

A motion to strike these objections, on the ground that caveator had no right to object to a confirmation of the sale, was denied. Upon agreement of counsel

for both sides that the allegations set forth in the objections were true, the court, after argument, rendered his decision overruling the objections, holding "that all the parties who are interested in this property are represented in these proceedings, that the title which the purchaser will acquire is free from the infirmities which his objections suggest, and that the sale should be confirmed." Decree was entered; and the caveator excepted.

LESTER & RAVENEL, for plaintiff in error.

GEORGE A. MERCER, CHISHOLM & ERWIN, W. R. LEAKEN and BRYAN CUMMING *contra.*

BLECKLEY, Chief Justice.

The facts are fully set out in the official report. We are called upon to construe the deed of July 26th, 1866, from Gazaway B. Lamar to G. deRosset Lamar as trustee. This deed conveyed the property in trust for the use, benefit and advantage of the said G. deRosset Lamar and his three sisters, Charlotte A., Annie C. and Harriet C. Lamar, share and share alike; the portions of the sisters to be settled severally and separately upon each of them, so as not to be responsible for the debts of any husband they had or might have, but for the sole use, benefit and advantage of each of these sisters and their child or children. At the date of the deed, Charlotte A. had one child, who is still living. The material question is, whether this child took an interest in the property, under the deed. We think it did. Section 2250 of the code was construed in *Ewing vs. Shropshire*, at the March term, 1888. 80 *Ga.* 374. According to the construction arrived at and announced in that case, the daughter who had a child or children at the time the deed was executed, took an

estate in common with such child or children; and the daughters who had no child or children, took an estate severally to themselves in fee simple. That case was carefully considered, and we have no reason for being dissatisfied with the interpretation of the code then announced. The result is, that the court erred in ruling the present case.

Judgment reversed.