GOODRICH *v.* PEARCE, guardian.

A devise to the testator's son, and after his death to his children, gives a life estate to the son and a remainder to his child or children if he leave any, whether he had a child at the time of the bequest or not.

November 25, 1889.

| 83 | 781 |
| 85 | 184 |
| 83 | 781 |
| 110 | 351 |
| 83 | 781 |
| 113 | 211 |
| 83 | 781 |
| 122 | 638 |
| 122 | 766 |
| 122 | 767 |

Wills. Estates. Remainders. Before Judge RONEY. McDuffie superior court. March term, 1889.

Reported in the decision.

W. K. MILLER and P. P. JOHNSTON, for plaintiff in error.

J. T. WEST and T. E. WATSON, *contra*.

SIMMONS, Justice.

Pearce as the guardian of Hallie Harris, brought complaint for some land against Mrs Goodrich. Plaintiff claimed title under the 6th item of the will of John Harris, who died, and his will took effect September 28th, 1861. The 6th item of the will is as follows:

"I give and bequeath to James P. Burnside, ordinary; and his successors in office, in trust for my sons Richard, John and James K. P. Harris, all of my lands north of the Georgia railroad, together with all my negroes not specifically bequeathed, reserving a life estate for myself and wife, together with all my household and kitchen furniture and stock of every kind, and plantation tools, with wagons and carts, and after the death of my said sons to vest in their children."

Richard Harris, named in this item, died without children. James K. P. Harris was in life at the death of the testator; and Hallie Harris, the daughter of James K. P. Harris, was born July 12th, 1872; and her father died October 20th, 1873. Cassandra Harris, the wife of the testator and the life tenant, died July 14th, 1885; and this suit was commenced August 19th, 1887. The land in question was sold in 1871 by an order of the superior court. To the proceeding granting said order all persons in life at the time were parties *sui juris*, and the trustee, Cassandra Harris, the life tenant, and James K. P. Harris, the father of the present plaintiff, sold the land sued for to John L. Goodrich, husband of the defendant, in 1871, and said Goodrich and defendant, his wife, have been in adverse possession of it ever since.

Mrs. Goodrich demurred to the declaration on the ground that Hallie Harris did not in law take anything under the will of John Harris as a purchaser or legatee, and was only an heir at law of her father, Jas. K. P. Harris. The judge overruled the demurrer, and decided that the intent of the testator was to create a life estate in his son, with a remainder to his children. To this decision the defendant excepted, and says the court erred:

1. In holding that the testator under the 6th item of his will created a life estate in his sons with a remainder to their children.

2. In not holding that said item created, when taken in connection with the admitted facts, a fee simple title in James K. P. Harris to his share in the property, subject to a life estate in Cassandra Harris, it appearing that said James K. P. was in life when the will took effect, was then unmarried and without child or children, and could then take the fee, plaintiff not being born until after the sale to defendant's husband.

3. Error in holding that plaintiff took as a purchaser from her grandfather, and not by descent from her father.

It was argued by counsel for the plaintiff in error that the 6th item of this will created an estate tail, and that therefore, under our law, James K. P. Harris, the son, being unmarried and having no children at the time the will took effect, took the absolute fee in the property. Counsel for the defendant in error contended that the will did not create an estate tail, but that it created a life estate in the son with a remainder over to his children, because he says that the children of the son were not to take until after his death. The court below took this view of the case and so decided, and we think his decision was correct. The law is that where a gift or devise is to A and his children, and he has no children at the time, that constitutes an estate tail, and estates tail having been abolished in Georgia, under the statute A takes an absolute fee in the property, because there are no children in life at the time to take with him. But if the gift or devise is to A, and after his death to his children, then A takes a life estate, and his children (if he leave any) take the remainder. The rule in Georgia in this particular class of cases is founded upon Wild's case, 6 Coke's Rep. 17 (3d vol. 290). In that

case, it "was resolved for good law, that if A devises
his land to B and to his children or issues, and he hath
not any issue at the time of the devise, that the same is
an estate tail; for the intent of the devisor is manifest
and certain that his children or issues should take, and
as immediate devisees they cannot take, because they
are not *in rerum natura*, and by way of remainder they
cannot take, for that was not his intent, for the gift is
immediate, therefore there such words shall be taken
as words of limitation, *scil.* as much as children or issues
of his body; . . . but if a man devises land to A
and to his children or issue, and they then have issue
of their bodies, there his express intent may take effect,
according to the rule of the common law, and no mani-
fest and certain intent appears in the will to the con-
trary. And therefore in such case, they shall have but
a joint estate for life. But it was resolved that if a
man, as in the case at bar, devises land to husband
and wife, and after their decease to their children, or
the remainder to their children; in this case, although
they have not any child at the time, yet every child
which they shall have after may take by way of re-
mainder, according to the rule of the law; for his in-
tent appears that their children should not take im-
mediately, but after the decease of Rowland and his
wife. "

Downes, C. J., in 1 Ball & Beatty, 459, says that the
doctrine in Wild's case, and the decisions founded upon
it, establish these propositions: "Where the devise is
in terms immediate, and so intended by the testator,
and the description of the persons to take is general,
then none that do not fall within the description at the
time of the testator's death can take; therefore the
after-born must be excluded. But where the enjoy-
ment of the thing devised is, by the testator's expressed
intent, not to be immediate by those among whom it is

finally to be divided, but is postponed to a particular period, or until a particular event shall happen, then those who answer the general description at that period, or when the event happens on which the distribution is to be made, are entitled to take."

Applying these rules to the case at bar, it is manifest that the testator did not intend that his grandchildren should take immediately, but that they were postponed until after the death of his son, because the will declares that the property is to vest in them after the death of his son. If the will had given the property to the son and his children, without postponing the possession of the grandchildren until after the death of his son, and the son had had children at the time, it would have been a joint estate, and they would have taken under our law as tenants in common with their father. If the bequest had been to the son and his children, without postponing the possession of the latter until after the death of the son, and the son had had no children at the time, it would have been an estate tail, and under our law he would have taken an absolute fee. But where a bequest is to the son, and after his death to his children, the son takes a life estate in the property with a remainder to his children, if he dies leaving children. Nor does it make any difference, in the latter case, whether the son has children or not at the time of the bequest, for if he has children at the time of his death, the children take the remainder. So we think that the will in this case gave the son, James K. P. Harris, a life estate in this property, and he having died leaving a child, the plaintiff in the court below, she was entitled under the law to the remainder in the property bequeathed to her father.

*Judgment affirmed.*