HOLLIS *et al. v.* LAWTON *et al.*, and *vice versa.*

1. A conveyance of land by deed to one as trustee for "his wife and the children issue of their marriage" included, as beneficiaries of the trust, only the wife and such of her children of the marriage with the trustee as were in life at the time of the execution and delivery of the deed. When the youngest of such beneficiaries reached the age of majority, the trust became executed and the legal title to the property vested in them.

2. It follows from the above, that a suit could not be maintained by the wife and all the children of the marriage, including several children who were born after the execution of the trust deed, to set aside a sale of the property, on the ground of fraud, made by the trustee after the trust had become executed, to re-establish the trust in the property, to remove the trustee on account of mismanagement, and to appoint another trustee in his place to take charge of the property in the interest of the plaintiffs as the cestuis que trust.

Argued February 16, 17, — Decided March 18, 1899.

Equitable petition.    Before Judge Felton.    Bibb superior court.    April term, 1898.

*Preston & Ayer, R. C. Jordan,* and *Hall & Hardeman,* for plaintiffs. *Guerry & Hall, Hardeman, Davis & Turner, Estes & Jones,* and *J. L. Lawton,* for defendants.

LEWIS, J.   At the April term, 1898, of Bibb superior court, there was tried the case of Mariah A. Hollis and her children, five of whom were minors suing by their next friend, against Carrie W. Lawton and Jere Hollis Sr., alleged to be the trustee of the plaintiffs.   It appeared from the petition, that on the 29th day of December, 1873, Leonard Y. Gibbs conveyed by deed to "Jere Hollis, trustee of his wife Mariah A. Hollis, and the children issue of their marriage," a certain tract of land.   This land, including some smaller tracts, which it seems had been exchanged for certain small portions of the original tract, was conveyed in a deed from Jere Hollis, as trustee for his wife and children, to R. F. Lawton, on April 11, 1887, in consideration of the sum of $9,500.00.   R. F. Lawton died, and on March 12, 1892, his will was admitted to probate, in which he bequeathed and devised to his wife, Carrie W. Lawton, all of his property.   Under that will she passed into possession of the premises in dispute, as sole devisee of her husband.   It was alleged in the petition, that the sale by Hollis, trustee, to Lawton was made for the purpose of paying the individual debt due by the trustee to Lawton, for which the estate was in nowise liable, and also for the purpose of paying other individual indebtedness of Jere Hollis; that Lawton knew of such purpose, applied a large portion of the money to his individual debt, and colluded with Hollis in the misappropriation of a portion of the other proceeds of the sale, in

the payment of Hollis's individual debts.    It appears, how-
ever, that a part of the proceeds of the sale, to wit about $2,-
500.00, was invested in other lands for the benefit of the wife
and children; and the plaintiff offered to do equity as to that
amount, by allowing it as a charge on the premises in dispute.
The purposes of the petition, as amended, were to have the sale
of Hollis, trustee, to Lawton set aside as fraudulent ; to recover
of Carrie W. Lawton the trust property conveyed by said sale;
to re-establish the trust thereon; to remove Jere Hollis, trustee,
from his office, for mismanagement and waste of the trust es-
tate, and to have appointed in his stead one of the plaintiffs
as trustee to take charge of and manage the estate for the bene-
ficiaries.    It further appeared that all the children who were
in life at the time of the conveyance from Gibbs to Jere Hollis,
trustee, were of age or had passed the age of majority, when
Hollis, trustee, conveyed the property to Lawton, on April 11,
1887.    The petition was brought against the trustee, Jere
Hollis, and Carrie W. Lawton, sole devisee under the will of
her husband.    To the petition and the amendments thereto
the defendants filed a demurrer upon several grounds; among
others, on the ground that the five minors who were made
parties plaintiff were not proper parties in the case, because
the deed set out as an exhibit to the petition, by virtue of
which they claim an interest in the land in dispute, con-
veyed to them no title to, or interest in, the property.    There
was also a special ground of demurrer to so much of the peti-
tion as prays for some other person to be appointed in the
place and stead of Jere Hollis, on the ground that said trust
is an executed trust and no trustee is needed in the place of
the said Jere Hollis.    The demurrer was overruled on all the
grounds, to which judgment defendants filed exceptions pen-
dente lite.    After the plaintiffs had closed their testimony the
court, upon motion of defendants' counsel, awarded a nonsuit,
to which judgment, and various rulings of the court in the
progress of the trial, plaintiffs assigned error in their bill of
exceptions.    Defendants likewise assigned error, in their cross-
bill of exceptions, on the judgment overruling their demurrer,
to which judgment exceptions pendente lite were filed.

1. The vital question that meets us at the threshold of this case arises on the cross-bill, and is whether or not the words of the deed from Gibbs to Hollis, trustee, executed in 1873, included only such issue of the marriage between himself and his wife as were in life at the time the conveyance was made; or whether it also included children that might be born to them thereafter. We therefore deal first with this question. See *Cheshire* v. *Williams*, 101 *Ga.* 814; *Gay* v. *Gay*, this term, 108 *Ga.* If it included only the children then in life, it is conceded that the trust was executed prior to the conveyance made by Hollis, trustee, to Lawton; that the title had before then vested in the beneficiaries; and that therefore this action could not be maintained. On the other hand, if the original trust deed by its terms included not only the living but after-born children, the trust is still of an executory nature, five of these children still being minors, and the legal title to whatever trust estate remains is in the trustee. After a consideration of several cases decided by this court, bearing upon this subject, we have reached the conclusion that the words of the trust deed of 1873 do not include any children then not in esse. In the case of *Loyless* v. *Blackshear*, 43 *Ga.* 327, it was decided that under a deed conveying land to one in trust for M. and her children, M. and her children then in life took an estate in the land as tenants in common. In *Gillespie* v. *Shuman*, 62 *Ga.* 253, it was held that a devise to a woman and her children, if any living, means to her and such children as may be living at the death of the testator; if none be living, she takes a fee-simple estate, and the birth of children subsequently to the death of the testator can not affect the estate conveyed. In the case of *Estill* v. *Beers*, 82 *Ga.* 608, it appears there was a conveyance in trust for the benefit of a certain person and her three daughters (naming them), and it was provided that the portions devised to the sisters were to be settled severally and separately upon each of them, but for the sole use, benefit, and advantage of each of these sisters and their child or children. One of the sisters had a child at the time of the conveyance, and the others none. It was decided by this court that the deed passed an estate in common to this daughter and her child and the sole estate in fee to each of the

other daughters. In the case of *Baird* v. *Brookin*, 86 *Ga.* 709, it was held, under a deed to A. as trustee for B. and her children, B. having at the time of its execution no children, that the children of B., born subsequently to the execution of the deed, took no interest thereunder. See also *Tharp* v. *Yarbrough*, 79 *Ga.* 382, where it is decided, a deed from A. to the heirs of B. passed the title to the children then in life, and no title to children after-born. The principle upon which these decisions are based is, that when property is conveyed to one and his child or children, without naming the children and without giving any other designation as to what particular children are contemplated, it necessarily refers only to such as are in life at the time the instrument of conveyance goes into effect. So rigidly has this rule been adhered to, that, in the case last cited, the words of the conveyance being to B. and her children, after-born children took no interest in the property although B. had no children at the time of the execution of the deed. The argument might have been, and doubtless was, urged with force in that case, that the grantor must necessarily have contemplated and intended to include in the conveyance children subsequently born, for the simple reason that any other construction would have made the word children meaningless at the time it was used; but so rigidly was the rule enforced that this court adhered to the letter of the deed and decided that B. took an absolute fee-simple estate in the property. The rule, then, governing the construction of such words in a deed or will is, that the intention of the maker of the instrument will be construed to refer only to such persons as are in life, unless there are some words or expressions in the instrument indicating a contrary intention and showing that the maker also had in mind a certain person, or class of persons, that might thereafter be born.

Upon a careful examination of the decisions of this court, relied upon by counsel for plaintiffs, we think it will be seen from the peculiar facts in each case that none are in point. In the case of *Vincent* v. *Vincent*, 33 *Ga.* 454, it appeared that the testator devised certain property "to the heirs in law" of one of his sons, and made that son trustee of the property so be-

queathed. It was held that the son held the property in trust for all who might answer the description of his heirs in law, at the time of his death, then to be distributed; and the reason for that decision, as expressed by Lumpkin, Chief Justice, on page 457, was that the testator looked to the death of his son as fixing the period when the legatees should be ascertained. In the case of *Gaboury* v. *McGovern*, 77 *Ga.* 133, a bequest was made to a daughter for the use of herself and her lawful issue during her life. It was held that this created an estate subject to be opened upon the birth of a child to her, and to let in such child as a beneficiary with the mother during her life. It will be seen, however, by reference to the contents of the will that was under consideration in that case, the language of the bequest was modified by superadded words in the will, giving other direction with reference to a disposition of the property in the event of the death of the testator's daughter without child or children or the issue thereof surviving her; and accordingly in the opinion in that case, on page 143, it was argued that by these superadded words, lawful issue, the testator meant such child or children of his daughter as she might have living at her death, and not an indefinite line of descendants. Again, in the case of *Toole* v. *Perry*, 80 *Ga.* 681, the will directed that all the property devised to the testator's daughters and children should be free from the debts and liabilities of their present or any future husband, and for their sole and separate use. It was held in that case that the devise was not only for the benefit of such children as were in life at the death of the testator, but also included those afterwards born to the daughters. The reasoning of that decision rested upon the superadded words, "free from the control," etc., "of their present or any future husbands"; and Justice Blandford in his opinion, on page 682, argues that from these words it was to be inferred the testator had in view the probability naturally flowing from the relation of husband and wife, the testator speaking, not only of the present, but of any future husbands. The distinction between that case and the case of *Baird* v. *Brookin* (cited above) is clearly shown in the opinion of Justice Lumpkin on page 716 of that case. The deed now under consideration is simply to Jere Hol-

lis, trustee of his wife Mariah A. Hollis, and the children issue
of their marriage. Under the uniform rulings of this court,
the words standing alone refer to the children then in life. The
expression "issue of their marriage" can mean nothing more
nor less than to designate the particular children of the trustee
and his wife, so as not to include any others that might possi-
bly have been the issue of any former marriage. It would have
been tantamount to the same thing had the conveyance been to
the trustee, for the benefit of his wife and the children of their
marriage, there being no superadded words in the conveyance
indicating any intention whatever of the grantor to include any
persons not in life at the time his conveyance went into effect.
Under the uniform rule of construction adopted by this court,
as we view its decisions, we conclude that none of the children
of this marriage, born after the execution of this deed, have
any interest whatever in the property conveyed. It follows,
therefore, that the trust was executed before the alleged illegal
sale of the property by the trustee, and that on this account the
present action can not be maintained. Hence we think the
court erred in overruling the defendants' demurrer to the plain-
tiff's petition, but that after this was done the court was right
in sustaining the defendants' motion for nonsuit.

The above view of the case renders it entirely unnecessary to
consider the questions presented by the main bill of exceptions,
or the other questions arising upon assignment of error in the
cross-bill of exceptions.

*Judgment on cross-bill of exceptions reversed; main bill dis-
missed. All concurring, except Simmons, C. J., disqualified.*