PLANT *et ·al.*, by next friend, *v.* PLANT *et al.*

1. Where a deed executed in 1891 conveyed to a man, as trustee for his wife and their children, certain real estate, only such children as were then in life took any interest under the conveyance, and after-born children took nothing thereunder.
2. Permission having been asked to review the former rulings of the court on this subject, upon consideration they are affirmed.
3. That real estate can be conveyed in trust in such terms as will operate to admit after-born children does not alter the general rule of construction where, as in this case, there is no such provision.
4. Where a deed was made and delivered in 1891, conveying to a husband, as trustee for his wife and their children, certain real estate, the fact that it

provided that the grantee "as trustee as aforesaid" should have full power and authority during his.lifetime to mortgage the property, and to use, control, and dispose of the rents, issues, and profits of the said property as he might see fit, without accountability to the cestuis que trust, or either of them, or to any successor in said trust, as to said rents, issues, and profits of said property, and further conferred upon him as trustee power to sell, mortgage, or encumber any of the property at his discretion, and to reinvest the proceeds in other property upon like uses and trusts, without the necessity of obtaining any order of court therefor, did not alter the rule of construction above announced, or operate to let in, as beneficiaries of the trust, children born after the execution of the deed and before the death of the trustee.

Argued April 11,— Decided May 10, 1905.

Petition for partition.    Before Judge Hodges.    Bibb superior court.    November 22, 1904.

On March 21, 1891, Myron Nussbaum executed a deed to Robert H. Plant, as trustee for his wife, Margaret R. Plant, and their children, the material parts of which were as follows: "Between Myron Nussbaum, of the county of Bibb, of the one part, and Robert H. Plant, as trustee of his wife, Margaret H. Plant, and their children, of the county of Bibb, of the other part, witnesseth, that the said Myron Nussbaum, for and in consideration of the sum of twenty-nine thousand dollars, . . hath granted, bargained, sold, aliened, conveyed, and confirmed . . unto the said Robert H. Plant, as trustee as aforesaid, his successors, heirs, and assigns, all that lot or parcel of land . . in the county and State aforesaid, being parts of lots numbers 1 and 2 in square number 15, . . provided always the said Robert H. Plant, as trustee as aforesaid, shall have full power and authority during his lifetime to mortgage said property, and to use, control, and dispose of the rents, issues, and profits of the said property as he may see fit, without accountability to the said cestui qui trusts, or either of them, or to any successor in said trust, as to said rents, issues, and profits of said property.    The said Robert H. Plant, as trustee as aforesaid, shall have full power and authority to sell, mortgage, or encumber any or all of said property at his discretion, and the proceeds in his discretion to reinvest in other property to like uses, and trusts; but in no case shall it be necessary to obtain any order or decree of any court for such sale, mortgage, or other encumbrance, and any sale of said property, or any part thereof, shall be in public or private, and upon such

terms as the said trustee may think best. To have and to hold said bargained property with all and singular the rights, members, and appurtenances thereunto appertaining, to the only proper use, benefit, and behoof of him, the said Robert H. Plant, trustee as aforesaid, his successors, heirs, executors, administrators, and assigns, in fee simple." At the time of the execution and delivery of the deed, Plant and his wife had several children, all of whom except one are still living. After the execution and delivery of the deed three other children were born. The property is the mansion house and lot. Plant died, and the three last mentioned children, by their next friend, filed an equitable petition against Margaret R. Plant and others. The sole question raised by this petition for determination here is whether or not, under the deed from Nussbaum to Plant, as trustee, the three children born after its execution and delivery took any interest. The judge presiding in the superior court held that they took no interest, and directed a verdict accordingly. To this ruling plaintiffs excepted.

*Charles H. Hall Jr.*, for plaintiffs.
*A. L. Miller* and *Dessau, Harris & Harris*, for defendants.

LUMPKIN, J. (After stating the foregoing facts.) 1. As far back as the decision in Wild's case (6 Coke's R. 17, ed. of Thomas and Fraser, vol. 3, p. 288) it was "resolved for good law" that if A devised lands to B and to his children or issues, B having no issue at the time of the devise, an estate tail was created; but otherwise where there was issue. In this State estates tail have been abolished, and it has frequently been held, that a deed conveying lands to a person and his children passed title to him and the children in esse when the deed was executed and delivered; and that after-born children took no interest thereunder. In *Tharp* v. *Yarbrough*, 79 *Ga.* 382, it was held that a deed, the consideration of which was love and affection, from A of the one part to the heirs of B of the other part, there being three children in life when the deed was executed, passed the title to those three children; and children of B subsequently born took no interest under it. The word heirs was treated as the equivalent of children in that case. The fact that a conveyance may have been made to a trustee for a married woman and her

children, instead of being made directly to them, did not vary this rule. In *Hollis* v. *Lawton*, 107 *Ga.* 102, it was held that a conveyance of land by a deed to one as trustee of " his wife, and the children issue of their marriage " included, as beneficiaries of the trust, only the wife and such of her children of the marriage with the trustee as were in life at the time of the execution and delivery of the deed. In *Loyless* v. *Blackshear*, 43 *Ga.* 327, it was held that where a deed conveyed lands to a trustee for a married woman and her children in fee simple, she and her children then in life took an estate as joint tenants, or, under our law, as tenants in common. In *Wood* v. *McGuire*, 15 *Ga.* 202, it was held, that a devise to " A's children, their heirs and assigns forever," vested the title in those in esse at the death of the testator. In *Baird* v. *Brookin*, 86 *Ga.* 709, it was held that where land was conveyed to a trustee for a woman and her children (she having none at that time), children born subsequently to the execution of the deed took no interest thereunder. See also *Gillespie* v. *Schuman*, 62 *Ga.* 252 ; *Estill* v. *Beers*, 82 *Ga.* 608 ; *Lofton* v. *Murchison*, 80 *Ga.* 391 ; *Davis* v. *Hollingsworth*, 113 *Ga.* 210 ; *Butler* v. *Ralston*, 69 *Ga.* 485 ; *Goodrich* v. *Pearce*, 83 *Ga.* 781, 784 ; *Wiley* v. *Smith*, 3 *Ga.* 551.

2. Realizing that such have been the decisions of this court, counsel for the plaintiff in error asked leave to review them, which was granted. We see no reason, however, to reverse these decisions so far as they affect the question involved in the present case ; and they are affirmed.

3, 4. There can be no doubt that real estate can be conveyed in trust so as to let in after-born children as well as those in esse. Instances of such conveyances will be found in *Pierce* v. *Brooks*, 52 *Ga.* 425 ; *Taylor* v. *Brown*, 112 *Ga.* 758 ; *Brady* v. *Walters*, 55 *Ga.* 25 ; *Lee* v. *Tucker*, 56 *Ga.* 9. But the fact that a conveyance can be drawn so. as to let in after-born children does not alter the rule of construction where there is no such provision ; and we think that there is nothing in this case to show a different intention on the part of the maker of the deed, so as to take it out of the general rule. In the case of *Vinson* v. *Vinson*, 33 *Ga.* 454, it appeared that the testator devised certain property to "the heirs in law " of one of his sons, and made that son trustee for the property so bequeathed. It was decided that the son held the property

in trust for all who might answer the description of his heirs in law at the time of his death.　　This decision was construed and held not to conflict with the general rule, in *Hollis* v. *Lawton,* 107 *Ga.* 106.

It is contended, that the terms of the deed to Plant as trustee indicated an intention to postpone the enjoyment of the property by the children until after the death of Plant, and that therefore all persons answering the description of children at that time were entitled to take under such deed.　In 1 Ball and Beatty, 459, Downes, C. J., said that the doctrine in Wild's case and the decisions founded upon it establish these propositions: "Where the devise is in terms immediate, and so intended by the testator, and the description of the persons to take is general, there none that do not fall within the description at the time of the testator's death can take; therefore the after-born must be excluded.　But where the enjoyment of the thing devised is, by the testator's expressed intent, not to be immediate by those among whom it is finally to be divided, but is postponed to a particular period, or until a particular event shall happen, then those who answer the general description at that period, or when the event happens on which the distribution is to be made, are entitled to take."　The original report is not before the writer, but the above quotation is taken from a note to Wild's case in the edition of Thomas and Fraser of Coke's Reports, vol. 3, p. 290; also copied in *Goodrich* v. *Pearce,* 83 *Ga.* 784.　The clauses in the deed relied on to sustain this contention are as follows: "Provided always the said Robert H. Plant, as trustee as aforesaid, shall have full power and authority during his lifetime to mortgage said property, and to use, control, and dispose of the rents, issues, and profits of the said property as he may see fit, without accountability to the said cestui que trusts, or either of them, or to any successor in said trust, as to said rents, issues, and profits of said property.　The said Robert H. Plant, as trustee as aforesaid, shall have full power and authority to sell, mortgage, or encumber any or all of said property at his discretion; and the proceeds in his discretion to reinvest in other property to like uses and trusts; but in no case shall it be necessary to obtain any order or decree of any court for such sale, mortgage, or other encumbrance, and any sale of said property, or any part thereof, shall be in public or private, and upon such terms as the said trustee may think best."

These provisions of the deed will not sustain the contention made. Clearly, the conferring upon a trustee of power to sell and reinvest does not postpone the time of enjoyment of the estate. So that the argument must rest upon the first sentence of the excerpt from the deed just quoted. This provides for power in the trustee as such to do two things : first, to mortgage the trust property during his lifetime; second, to use, control, and dispose of the rents, issues, and profits as he may see fit, without accountability to the cestuis que trust or either of them, or to any successor in the trust. The power conferred upon the trustee to mortgage the trust property in no way postpones the enjoyment of the trust. Neither do we think that the conferring of power upon him to use, control, or dispose of the rents, issues, and profits without accountability had that effect. The deed did not say that Plant as an individual should enjoy such rents, issues, and profits during his lifetime, or reserve to him any such right. It provided that *as trustee* he could mortgage, and could use, control, and dispose of the rents, issues, and profits. It simply gave him in his character as trustee certain broad powers, and relieved him from accountability as to rents, issues, and profits. The expression, " to use, control, and dispose of the rents, issues, and profits," immediately followed the power to " mortgage *as trustee*," and, fairly construed, conferred authority to so use, control, and dispose of the rents, issues, and profits *as trustee.* The fact that he should not be held accountable or required to account for the use which he should so make does not operate to reserve a life-estate in him as an individual, or to postpone the enjoyment of the trust estate by the beneficiaries. The habendum clause further sustains this view. Compare *Thompson* v. *Sanders,* 118 *Ga.* 923.

*Judgment affirmed. All the Justices concur, except Candler, J., absent.*