### DIX et al. v. BIGHAM et al.

1. A man died leaving a considerable estate and several heirs.  The estate became involved in litigation.  Apparently, from the record sent up, the children of the decedent, and certain persons claiming to be creditors, were before the court.  It does not appear that the wife or child of the son mentioned below were parties, or claimed any interest in the estate. A verdict and decree were rendered which contained the following clause:  "The jury further find, decree, and direct that the estate of said James T. Dix Sr. [the decedent] be divided and distributed as follows: first, we find and decree that the place known as the 'Beasley' place, now occupied by Robert G. Dix [a son of the decedent] and family, shall stand and remain as the sole and separate property of Mary J. Dix, his wife, and their children, free from the control, debts, and liabilities of said Robert G. Dix."  *Held*, that this clause of the decree is not to be construed as a judgment inter partes, settling rights asserted by the wife and child of the son of the decedent, but is rather to be considered in the nature of a voluntary conveyance by him to them of property which would otherwise have belonged to him under a division of his father's estate.

2. So construed, the clause of the decree set out in the preceding note vested a fee-simple estate in the wife of the son of the decedent and

their child then in esse (there being but one child then living), and after-born children took no interest under such decree.

3. This case differs from that of *Toole* v. *Perry*, 80 *Ga.* 681, where, under the peculiar language of the will then being construed, it was held that certain after-born children took an interest.

Argued January 25,—Decided February 13, 1906.

Equitable petition. Before Judge Freeman. Troup superior court. May term, 1905.

Tom Dix, for himself and as next friend for three minors, and Bonnie Dix filed their equitable petition against Mary J. Bigham, executrix, and others, seeking to recover certain land and mesne profits. It was alleged, that their grandfather, James T. Dix, died leaving a large estate to be divided among his children; that it became involved in litigation, which resulted in a decree in the year 1870. One clause of the verdict found by the jury was as follows: "The jury further find, decree, and direct that the estate of said James T. Dix Sr. be divided and distributed as follows: first, we find and decree that the place known as the 'Beasley' place, now occupied by Robert G. Dix and family, shall stand and remain as the sole and separate property of Mary J. Dix, his wife, and their children, free from the control, debts, and liabilities of said Robert G. Dix, without prejudice to claims of Toole & Mabry and R. M. Young." Provision was made in regard to another place, known as the "Dix" or "Roberts" place, not material to be here recited, and it was then said: "This includes all the land connected with and near said place, not included in the place decreed to be settled on the wife and children of Robert G. Dix, as aforesaid." This verdict was made the decree of the court. It does not appear in terms who were parties to the case, but apparently the children of James T. Dix Sr., and certain persons who claimed to be creditors, were so, but not the wife and child of Robert G. Dix. A demurrer was filed by the defendants, and, for the purpose of settling the controlling question in controversy, it was admitted by the plaintiffs that Tom Dix was "barred by the statute of limitations" (prescription?), and that he was the only child of R. G. Dix in life when the decree was rendered; and the plaintiffs did not insist on any right as being heirs of Mary J. Dix, since deceased. The court sustained the demurrer, and the plaintiffs excepted.

*Harwell & Lovejoy, D. J. Gaffney,* and *R. M. Young,* for plaintiffs. *F. M. Longley* and *H. A. Hall,* for defendants.

Lumpkin, J.   (After stating the facts.)   The controlling ques-
tion in this case is whether, under the decree, the material portion
of which is set out in the statement of facts, the property vested in
the wife of R. G. Dix, and the child then in esse, or whether chil-
dren born afterward also took an interest.   The pleadings are not
clear as to what issues were involved in the former litigation.   None
of the record in that case is set out except the verdict and decree.
It does not even appear with certainty who were the parties.   But
it may be inferred that the children of James T. Dix Sr., and cer-
tain persons claiming to be creditors, were before the court.   It
does not appear that the wife or child of Robert G. Dix were parties,
or had any claim or interest to assert.   But it is inferable that, in
the division of the estate of his father, with his consent or by his
direction the clause of the decree quoted was inserted.   Dealing
with it in this light, the part of the decree quoted is to be construed,
not as a judgment inter partes, determining disputed claims of
right, but rather as in the nature of a voluntary conveyance from
Robert G. Dix of an interest in his father's estate which otherwise
would have belonged to him.   Bunn v. Braswell (N. C.), 51 S. E.
927.   If the property in question had been set apart to him, and
he had then made a voluntary conveyance of it to his wife and their
children, under the repeated rulings of this court the title would
have vested in his wife and the child then in esse, there being but
one, and after-born children would have taken nothing under such
a conveyance.   *Baird* v. *Brookin,* 86 *Ga.* 709; *Hollis* v. *Lawton,*
107 *Ga.* 102; *Plant* v. *Plant,* 122 *Ga.* 763, and cit.; *Greer* v. *Pate,*
85 *Ga.* 552; *Davis* v. *Hollingsworth,* 113 *Ga.* 210.   The same rule
is recognized in *Sumpter* v. *Carter,* 115 *Ga.* 893.   But under the
peculiar language of the will then under consideration, it was held
that the "children of a daughter of the testator, who with her sur-
vived the life-tenant, were entitled to share, in common with their
mother, in the remainder interest which, upon the death of the
testator, vested in the mother, subject, however, to open and let in
such children."

It is contended that the superadded words contained in this de-
cree take it out of the usual construction. · It is first insisted that
the expression "now occupied by Robert G. Dix and family," etc.,
indicates that Dix or the person drafting the decree had in mind
not merely his wife and child, but an aggregation constituting a

family. So far as the use of the word "family" throws any light upon the construction to be adopted, we think it has an effect contrary to that insisted on. It says, "now occupied by Robert G. Dix and family." Of course, it could not then have been occupied by any family except the one in existence, which consisted of his wife and child. In fact, however, those words were evidently used rather for the purpose of describing or identifying the property referred to than for the purpose of determining the character of the estate to be created. It is also said that the words, "shall stand and remain as the sole and separate property" of Mrs. Dix and their children, indicate an idea of permanency. But so does the conveyance of a fee-simple estate, which commonly includes the clause, "to have and to hold" to the grantee, his heirs and assigns forever. It is further urged with much earnestness that the use of the plural word "children" shows that more than one child was intended, and that, to give this clause of the decree full effect, after-born children must also be included. But the same argument could be urged to upset the rule in Wild's case and the many decisions following it. If, where there is a child in life, the use of the plural word "children" has the effect of changing the well-established rule of construction, with much more force could it be urged that where at the time of making the conveyance there are no children in esse, the intention of the grantor is to let in after-born children. But the cases cited above show that this court has ruled to the contrary; and this very argument has been considered in the case of *Hollis,* 107 *Ga.* 106, supra.

The contention is made that the declaration in the decree, that the property should remain as the sole and separate property of the wife of Robert G. Dix and their children, "free from the control, debts, and liabilities of said Robert G. Dix," brings the case within the ruling in *Toole* v. *Perry,* 80 *Ga.* 681. But in this view we can not concur. In that case the testator directed that all of the property which was to go to his daughters and their children under his will should be "free from the control, debts, and liabilities of their present or any future husband," and for their sole and separate use; it being provided that husbands of those under coverture when the will should take effect should be the trustees respectively of the portions given to their wives and children. At the time of the making of the will one of the testator's daughters

was married and had two children. It was held that children of such daughter, born after the testator's death, took an interest. Stress was laid upon the words, "free from the control, debts, and liabilities of their [his daughters'] present or any future husband." That the ruling was based on the language of the peculiar will then under construction is pointed out both in *Baird* v. *Brookin,* 86 *Ga.* 716, and *Hollis* v. *Lawton,* 107 *Ga.* 107, supra. Doubtless the fact that some of the testator's daughters were not married when the will was executed, and that provision was made in regard to their possible future husbands and children, had much weight in producing the decision which was reached in *Toole's* case. No such state of facts existed in regard to the woman and child now being considered. They were both in life, the vesting of the estate was not postponed, and nothing was said in regard to any future husband or other children who might be born, but merely that the property should be free from the control, debts, and liabilities of Robert G. Dix. The case of *Vinson* v. *Vinson,* 33 *Ga.* 454, which is cited by counsel for plaintiff in error, has been discussed both in the decisions in *Hollis* v. *Lawton* and *Plant* v. *Plant,* supra.

In the latter part of the decree under consideration it was declared that a certain place known as the "Dix" place should remain the sole and separate property of Sarah C. Grady and her children, and then the words were added, "this includes all the land connected with and near said place, not included in the place decreed to be settled on the wife and children of Robert G. Dix, as aforesaid." It will be seen that these words were descriptive of the land which it was declared should remain as the property of Sarah C. Grady and her children, and stated what such place included. It was not dealing with the estate or quantity of interest in the wife or children of Robert G. Dix; and there is nothing in this clause which changes the construction already placed upon the decree. As the wife and child in esse at the date of the decree took the entire estate in the land described which otherwise would have gone to Robert G. Dix in the division of his father's property, and after-born children took no interest thereunder, the court properly sustained the demurrer.

In the absence of any effort duly made to alter or amend the decree, an amendment to the pleading in the present case, alleging that Robert G. Dix gave instructions for it to be drawn so as to

admit after-born children, was properly rejected. So likewise was the proposed amendment alleging that another part of the decree provided that a different piece of land should remain as the separate estate of the wife and children of another son of James T. Dix, and that such son had no children. We have treated the provision of the decree in regard to the wife and children of Robert G. Dix as if it were a voluntary conveyance from him to them. If there was what was equivalent to a conveyance from another person to his wife or wife and children, the possible situation or intention of such other person would not throw light on the part of the decree now under consideration.

*Judgment affirmed. All the Justices concur.*