COOPER *v.* MITCHELL INVESTMENT COMPANY *et al.*

MITCHELL *et al. v.* MITCHELL INVESTMENT CO. *et al.*

1. By one item in his will a testator, who died in 1903, devised and bequeathed certain land and personalty "to my children by my first wife and their children after them." *Held*, that such devise did not create an absolute fee-simple estate in a daughter of the testator by his first wife, which daughter was living at his death and had one child, who

49

was also in life; but it created a life-estate in the daughter as to such share, with remainder over, there being nothing in the will to show a different intent.

(*a*) Nothing in the other items of the will indicated a different intention.

(*b*) A child of the daughter of the testator in esse at the death of the testator took a vested remainder estate, subject to open and let in children of the daughter born after the testator's death and during the continuance of the life-estate.

(*c*) The presiding judge having held that a fee-simple interest vested in the daughter of the testator, and that neither her child living at the time of the death of the testator nor her children born thereafter and during the lifetime of the life-tenant took any interest under the will, and having expressly based his judgment refusing an injunction on that ground, this was erroneous.

2. The executors having discharged their duties, paid the debts of the estate, assented to the legacy, and made a deed to the life-tenant, subject to the terms of the will, and the remainder estate of the children of the testator's daughter being vested, though subject to open and admit others during the life-estate, there was no reason to appoint the executors trustees or grant an injunction at their instance.

Decided February 16, 1910.

Petition for injunction.     Before Judge Parker.     Thomas superior court.     February 27, 1909.

*S. A. Roddenbery* and *C. P. Hansell,* for plaintiffs.

*Bennet & Conyers,* for defendants.

LUMPKIN, J.     Mary Cooper, by her next friend, brought her equitable petition against the Mitchell Investment Company and her mother, Mrs. Daisy M. Cooper, seeking to enjoin the making of a sale and conveyance in fee simple of certain land, in which it was claimed that Mrs. Cooper had only a life interest, with remainder over to the plaintiff, under the will of Thomas C. Mitchell, who died in 1903.     The executors of the testator also filed an equitable petition to enjoin the sale, alleging that children of Mrs. Cooper born after the death of the testator took an interest in the remainder.     The court refused the injunction in each case, on the express ground that, under a proper construction of the will, Mrs. Cooper, the daughter of the testator, took a fee-simple estate in the property involved in the controversy, and not a life-estate with remainder over to her children, so that neither her daughter who was in life when the testator died, nor her afterborn children had any interest in the property.     The plaintiffs excepted and brought both cases to this court.     The executors had assented to the legacy, and conveyed to Mrs. Cooper a one seventh undivided interest in

what was called the Park property, but specifying that the conveyance was limited to the uses and purposes named in the will of Mitchell. They sought, however, to protect what they claimed to be the rights of the children of Mrs. Cooper born after the testator's death, and prayed to have the will construed to create a contingent remainder, and that they be appointed trustees to preserve it.

These cases involve two questions: (1) Did the will of Thomas C. Mitchell devise the property in controversy to his daughter, Mrs. Cooper, in fee simple, or did it create a life-estate in her, with remainder over? (2) If it created a life-estate with remainder over, did such remainder vest absolutely in her child who was in esse at the time of the testator's death, or did children born after the testator's death and pending the life-estate take an interest?

The clause of the will of Mitchell which was before the court for construction was as follows: "As the deed conveying the Mitchell House property to my first wife and her children does not include the part between the house and Jefferson street nor the furniture in the Mitchell House, it is my desire the said lot called the Park and the furniture in the Mitchell House be valued by three or more disinterested and competent persons, and that these, the furniture and the Park, be given at such valuation to my children by my first wife and their children after them, except that the share of William H. Mitchell shall go to his wife for life and after her death to his children by her."

The word "heirs," or its equivalent, is not necessary to create an absolute estate in this State. Every conveyance, properly executed, will be construed to convey the fee, unless a less estate is mentioned and limited in it. If a less estate is expressly limited, the courts will not, by construction, increase such estate into a fee simple, but, disregarding technical rules, will give effect to the intention of the maker of the instrument as far as it is lawful, if such intent can be gathered from its contents. Civil Code, § 3083. Estates tail are prohibited; and being illegal, the law will never presume or imply such an estate. Civil Code, § 3085. In *Butler* v. *Ralston*, 69 *Ga.* 485, a testator devised property to his daughters, and provided that it should not vest in their husbands on marriage, but that what they received should be made over and settled upon them in legal form before the consummation of the marriage, "so

that the same may be enjoyed by them and their children after them." At the time of the death of the testator, his daughters had no children. In fact they were unmarried. It was held, that; there being no children in esse, under the rule in Wild's case (6 Coke's R. 17), the word "children" would be treated as a word of limitation, so that under the English law an estate tail would have been created, and therefore in Georgia a fee-simple title vested in the first taker. The implication was that the ruling might have been different if there had been children in esse at the death of the testator. The instrument there considered antedated the code (*Ewing* v. *Shropshire,* 80 *Ga.* 374, 391 (7 S. E. 554)) ; and moreover, the statement that a settlement should be made so that the property of daughters should not vest in their husbands but be settled so as to be enjoyed by them and their children after them is not so direct a devise as that in the present case to the children of the testator and their children after them. The words now before us are more clearly words of purchase in respect to the children of testator's children. See also references to the *Butler* case in *Gaboury* v. *McGovern,* 74 *Ga.* 145; *Sumpter* v. *Carter,* 115 *Ga.* 893, 902 (42 S. E. 324, 60 L. R. A. 274).

The testator was not content with devising the property designated as the Park property to his children by his first wife. He had some purpose in adding the words "their children after them." There was a child of a daughter living at his death. The question is whether he intended to create an estate tail, which is prohibited by the law of Georgia, or an estate in remainder, which is legal. Even if there be any doubt, shall this court construe those words so as to attribute to the testator the intention of doing a forbidden thing, and therefore by legal effect accomplishing a result which would have been reached without the use of the words above quoted at all? It was argued that the provision, "except that the share of William H. Mitchell shall go to his wife for life, and after her death to his children by her," implied an intention on the part of the testator that a life-estate should be created only with respect to the share of William H. Mitchell, and not as to the shares of the testator's other children by his first wife. We think that the inference to be drawn from the exception stated is directly contrary to that thus urged. It rather shows a testamentary scheme to create a life-estate in the children of the testator by his first wife,

with remainder over. For some reason he saw fit to provide that the share of William H. Mitchell should not go to him for life, with remainder to his children, but to his wife for life, with remainder to his children by her, thus preserving the general scheme, but in the particular instance substituting the son's wife in his stead as the life-tenant, with remainder to the son's children by her. The item of the will under consideration did not create an estate tail, and therefore a fee-simple estate in Mrs. Cooper, the daughter of the testator, as to her share, but a life-estate in her with remainder to her children.

Next arises the question whether the remainder was vested or contingent, and whether children of the testator's daughter born after his death took any interest therein. In Wild's case, 6 Coke, 17 (edition of Thomas & Fraser, vol. III, 288), land was devised to A for life, the remainder to B and the heirs of his body, the remainder to "Rowland Wild and his wife, and after their decease to their children." Rowland and his wife then had issue, a son and daughter; and afterwards the devisor died, and after his decease A died, B died without issue, Rowland and his wife died, and the son had issue, a daughter, and died. The question was whether Rowland Wild and his wife took an estate tail, or an estate for life, with remainder to their children. "This difference was resolved for good law, that if A devises his lands to B and to his children or issue, and he hath not any issue at the time of the devise, that the same is an estate tail. . . But it was resolved, that if a man, as in the case at bar, devises land to a husband and wife, and after their decease to their children, or the remainder to their children; in this case, although they have not any child at the time, yet every child which they shall have after may take by way of remainder, according to the rule of the law; for his intent appears that their children should not take immediately, but after the decease of Rowland and his wife." As a will does not become effective until the death of the testator, and prior to that time is subject to be modified or revoked, a devise does not become absolute and unalterable until then. In *Goodrich* v. *Pearce*, 83 *Ga.* 781 (10 S. E. 451), it was held that a devise to the testator's son, and after his death to his children, gives a life-estate to the son and a remainder to his child or children if he leave any, whether he had a child at the time of the bequest or not. *Plant* v. *Plant*, 122 *Ga.*

763 (50 S. E. 961), involved an immediate gift of real estate by deed to a man as trustee for his wife and their children; and it was accordingly held that only such children as were in life when the deed was executed took any interest under it, and that afterborn children took nothing. Mr. Jarman thus states the rule (2 Jarman on Wills (6th ed.) 167, 168, *1010, *1011), "An *immediate* gift to children (i. e., a gift to take effect in possession immediately on the testator's decease), whether it be to the children of a living or deceased person, and whether to children simply or to all the children, and whether there be a gift over in case of the decease of any of the children under age or not, comprehends *the children living at the testator's death (if any),* and those only; notwithstanding some of the early cases, which make the date of the will the period of ascertaining the objects. . . Where a particular estate or interest is carved out, with a gift over to the children of the person taking that interest, or the children of any other person, such gift will embrace not only the objects living at the death of the testator, *but all who may subsequently come into existence before the period of distribution.* Thus in the case of a devise or bequest to A for life, and after his decease to his children, or . . to A for life, and after his decease to the children of B, the children (if any) of B living at the death of the testator, together with those who happen to be born during the life of A, the tenant for life, are entitled, but not those who may come into existence after the death of A." See also *Olmstead* v. *Dunn, 72 Ga.* 850; *Crawley* v. *Kendrick,* 122 *Ga.* 183, 184 (50 S. E. 41) ; Gardner on Wills, 447, 449; Schouler on Wills (3d ed.), §§ 529, 530; Page on Wills, § 548; 30 Am. & Eng. Enc. Law (2d ed.), 721 (b) and citations. In *Crawford* v. *Clark,* 110 *Ga.* 729 (36 S. E. 404), Simmons, C. J., said: "It can not be disputed that a devise to A, and *after her death* to her child or children (whether she has a child or children at the time of the devise or not) would give a life-estate to A, with remainder in fee to her children then in being or afterwards born;" and after citing authorities he added: "Such a devise is entirely different from one to A and her children, she then having no children, as is pointed out in Wild's case, and in Ginger dem. White *v.* White, Miller *v.* Hunt, Sandford *v.* Sandford, and Brown *v.* Brown, supra." In the case before us the language is, "to my children by my first wife and their children *after*

*them,"* which we have construed to create a life-estate with remainder over to the children of the testator's children by his first wife.

We are of course dealing now with the question here involved, under the language employed by the testator, creating a life-estate with remainder over to children, and not with the possibility of words being used by a testator which might indicate a different intent. In the almost infinite variety of expressions which are employed in wills, differences in language may indicate differences in intent. Neither is it necessary to discuss generally cases arising under wills or deeds which by their terms provide for the ascertainment of who constitute a class at some particular time, or gifts to a class, to be paid as the members become of age, or on the happening of some event. To decide the present case is sufficient, without undertaking to deal with all possible variations which might arise from the employment of different terms.

The law favors the holding of estates to be vested, rather than contingent, in cases of doubt; and in devises of the kind here involved, it declares the remainder to be vested in the child or children living at the testator's death, but subject to open and let in afterborn children during the continuance of the life-estate, rather than that the remainder is contingent. Where a different construction has been placed on a provision of a will, it will be found generally that superadded words have indicated a different intent. Thus in *Smith* v. *Smith,* 130 *Ga.* 532 (61 S. E. 114), the remainder was to children of the life-tenant "that she may leave in life." 13 Cyc. 647, 648; Doe d. Poor *v.* Considine, 6 How. (U. S.) 458 (18 L. ed. 869).

We hold that the item of the will of Mitchell now under consideration created a life-estate in his daughter by his first wife, as to her share, with remainder over; and that her child living at the time of the testator's death took a vested-remainder estate, subject to open and let in children of the testator's daughter born during the continuance of the life-estate. The presiding judge having based his refusal of an injunction expressly on the ground that the testator's daughter took an estate in fee simple and her children took no interest, this was error.

In the case brought by the executors, however, it appeared that they had executed the will, paid the debts of the estate, assented to

the legacy, and made a conveyance of a one-seventh interest in the property involved in controversy to the testator's daughter, Mrs. Cooper, limiting the title so conveyed to the uses and purposes expressed in the will of the testator. Their only claim to have a right to file the petition and obtain an injunction against Mrs. Cooper was based on the allegation that the will created a contingent remainder in favor of her children born and to be born, with a prayer that such be decreed to be its legal effect, and that they be appointed trustees for such contingent remaindermen. We have held that the remainder was not contingent, and that it vested in the child of Mrs. Cooper who was in life when the testator died, but that it was subject to open and take in her children afterward born during the life-estate, which still continues. Having executed their duties as executors, assented to the legacy, delivered the property, and made a conveyance to the life-tenant subject to the terms of the will, we perceive no reason why such complainants should be appointed trustees for the children of the testator's daughter, who hold a legal estate, or why injunction should be granted at their instance. We therefore affirm the denial of their application, though not for the reason assigned by the presiding judge.

*Judgment reversed in the first case, and affirmed in the second.
All the Justices concur.*