## CRAWLEY *v.* KENDRICK *et al.*

1. In a devise to A for life, with remainder to his children as a class, a grandchild of A, whose parent died before the death of the testator, can not share in the remainder with the only child of the life-tenant who was in esse when the title to the remainder vested at the testator's death and at the time of the vesting of such estate in possession at the life-tenant's death.
2. A plain, written legal will can not be reformed by making additions to it.

Argued October 5, 1904. — Decided March 3, 1905.

Equitable petition.　Before Judge Hammond.　McDuffie superior court.　June 27, 1904.

*William A. Slaton* and *Samuel H. Sibley*, for plaintiff.

*John T. West, Ira E. Farmer, M. W. Gross*, and *P. B. Johnson*, for defendants.

SIMMONS, C. J.　William B. Kendrick died testate in 1892. By his will, which was executed on March 29, 1888, he devised and bequeathed certain portions of his property separately to each of his three sons, William G., Wilson B., and John R. Kendrick, for life, and at the death of each to go to their respective children as a class, in remainder.　William G. Kendrick, one of the life-tenants, died in 1902, leaving one child, namely J. H. Kendrick, who was also his only child in esse when the testator died, and one grandchild, the plaintiff in error, whose parent had died even before the testator had made his will.　This grandchild claims an equal share in the remainder with the said child of William G. Kendrick, under the terms of the testator's will giving the remainder to the " children " of William G. Kendrick.　The plaintiff in error, as the plaintiff in the court below, also sought a reformation of the testators's will, whereby she could be added as a beneficiary.　The court below sustained a general demurrer to these claims, to which judgment the plaintiff filed her direct bill of exceptions.

1. A devise to A for life, and at A's death to his children as a

class, did not fall within either the rule in Wild's case or the rule in Shelley's case, whether A had children in life when the devise took effect or not.   Both at common law and under the decisions of this court, such a devise in remainder has always been held, in accordance with an established principle of law which has become a rule of property, to vest the title only in the children in esse at the death of the testator, subject to open and take in all other children born up to the vesting of the estate in possession at the life-tenant's death:   *Crawford* v. *Clark,* 110 *Ga.* 730, 731; or if no child of the life-tenant should be in esse at the death of the testator, the remainder is construed to be contingent until the birth of a child, in whom the title to the remainder immediately vests (2 Bl. Com. m. p. 169), subject to open and take in all other children born before the termination of the life-estate.   Civil Code, § 3103.   And, on account of the remainder being vested absolutely, the shares of such children who should die between the vesting of the title and the vesting of the estate in possession would go to their heirs (Civil Code, § 3101), which would include their descendants.   Ibid. § 3355, par. 4.   Thus, we see, there are two vestings of a vested remainder — viz., one of the title, and the other of the estate in possession, — each of which is important in fixing the devolution of the title to such remainders ; and that the law designating the beneficiaries thereunder excludes a grandchild of the life-tenant whose parent died before the testator died. See also *Davie* v. *Wynn,* 80 *Ga.* 673, approved in *Tolbert* v. *Burns,* 82 *Ga.* 213, and *Martin* v. *Trustees,* 98 *Ga.* 324.

It is contended for the plaintiff in error, however, that the code has completely changed the above inflexible rule of property, by a " new view of policy," and hence that a devise of a remainder to the children of the life-tenant as a class, since the code, includes grandchildren of the life-tenant whose parents died before the death of the testator or even before the testator made his will. We are referred to the Civil Code, § 3084, as the law that makes this change or revolution.   This section reads as follows: " Limitations over to heirs, heirs of the body, lineal heirs, lawful heirs, issue, or words of similar import, shall be held to mean children, whether the parents be alive or dead ; and under such words, **children and the descendants of deceased children, by representation, in** being at the time of the vesting of the estate, shall take."

It will not bear the construction which counsel for plaintiff in error seeks to put upon it; and, furthermore, it has no direct application to an express devise of a remainder to children of the life-tenant. Before the act of 1854 and the code, a devise to A for life, and at his death to his heirs, heirs of the body, lineal heirs, lawful heirs, issue, or words of similar import, unexplained, were held to be words of limitation on an indefinite failure of issue, falling within both the rule in Wild's case and the rule in Shelley's case, especially the latter, and gave to A, the first taker, the fee. *Cook* v. *Walker*, 15 *Ga.* 465; *Wilkinson* v. *Clark*, 80 *Ga.* 367, 372–3. Section 3084 of the Civil Code is expressly confined to limitations over, in which such words are used, and was solely intended to change the common law and the law prevailing in this State prior to the code, as to such limitations over, by changing these words of limitation into words of purchase, so as to cut down the first taker's estate to a life-tenancy and include all persons who could fall within these words as words of purchase. Manifestly, then, the section was never intended to change the law as to the devolution of the title in vested remainders to children as a class, which law, as hereinbefore shown, has been free from even a doubt, and decided in only one way, both in England and in this country, for centuries. While the terms, "heirs," "heirs of the body," and "lineal heirs," converted into words of purchase, are broader than the term "children," was it not an evident effort on the part of the codifiers, in making this change themselves of the law as to limitations over to heirs, heirs of the body, lineal heirs, and the like, to conform, as near as these words would make it possible, to the prior and existing law governing the express remainders to children as a class, as this court undertook to do immediately before the code in the case of *Herring* v. *Rogers*, 30 *Ga.* 615? Section 3084, as a whole, may not be entirely free from ambiguity, but it is sufficiently clear, following the reason that called it into existence, to arrive at a legal and logical interpretation of it. It first says that "Limitations over to heirs, heirs of the body, lineal heirs, . . etc., shall be held to mean children, *whether the parents be alive or dead.*" That is to say, "heirs," "heirs of the body," and "lineal heirs" of the first taker can take a vested interest as children in the lifetime of their parent; and may also take such

interest, as well as enjoy the possession of the remainder, when their parent is not the life-tenant, whether such parent be then in life or not, as where the limitation over is to the heirs, heirs of the body, or lineal heirs of B.   Yet all this was only the exercise of undue caution ; for having thus far expressly changed the said words of limitation to mean children, or a word of purchase, the maxim _nemo est hæres viventis_, which the codifiers still kept in mind, was thereby really put out of the way altogether, and therefore no necessity arose for the addition of the words, "whether the parents be alive or dead."    These words clearly refer alone to parents of the _children_, whether such parents be the life-tenants or not, because children are thus far substituted for "heirs," "heirs of the body," etc., and because if the children are alive at the vesting in possession of the estate in remainder, their descendants can take no part of the remainder as purchasers.    The other and remaining clause of the section says, "and under such words (viz., heirs, heirs of the body, lineal heirs, etc.) children _and_ the descendants of deceased children, _by representation_, in being at the time of the vesting of the estate, shall take."   By this second clause, then, these words are given a more enlarged meaning than children, but only contingently.

Under the general or ordinary law of vested remainders, the descendants of deceased children, or grandchildren of the life-tenant, do not take any portion of the remainder by representation or as purchasers, but only by descent where parents had a vested interest in such remainder during the lifetime of the life-tenant. An exception to this rule is where the remainder is vested at the testator's death in the children, and is expressly made subject to divestment by their dying before the life-tenant, leaving children, in which their descendants take their shares by representation as purchasers, as in the cases of _Clanton_ v. _Estes_, 77 _Ga._ 353, 359, 360, _Hudgins_ v. _Wilkins_, Ibid 556, and _Fields_ v. _Lewis_, 118 _Ga._ 573, 576-7.   Consequently, "the time of the vesting of the estate," mentioned in section 3084, when the children and descendants of deceased children, by representation, take the estate in remainder absolutely, must mean the vesting of the remainder in possession at the life-tenant's death, in order to give the words a proper and legal sense ; and hence in this event, as the estate is a vested remainder in the children, defeasible only upon the con-

tingency of their dying in the lifetime of the life-tenant, leaving children, no descendants of a deceased child could take under section 3084 by representation, unless their parent was seized of a vested interest in the lifetime of the life-tenant. So connecting both clauses, we think that section 3084 means that in limitations over, as, for instance, in a devise to A for life and at A's death to his heirs, heirs of the body, lineal heirs, issue, or words of similar import, such words shall give a vested remainder to the children of A at the testator's death and who might afterwards be born, and in case any such child dies in the lifetime of the life-tenant, his descendants in esse when the life-estate falls in shall take his share by representation; just as is now done in an express devise in remainder to the children of A *and to the descendants of such children who die before the life-tenant, by representation:* and both of which devises, being defeasible vested remainders in the children, are clearly distinguishable from a devise in remainder to the children of A as a class, as in the case at bar, which is an absolute vested remainder in the children. In fact this construction of section 3084 accords with the opinion of this court already expressed thereon. In the case of *Brown* v. *Brown,* 97 *Ga.* 531, the deed therein construed was dated in 1883, and conveyed the property to the maker's children for life, "the remainder at the death of each to go in fee simple to the heirs of the deceased" (pp. 532-3), which falls within the exact words of the Civil Code, § 3084. The learned judge who presided in the court below in that case wrote out his opinion, in which he construed this section, and held that the estate in remainder was in the children of the life-tenants who were in esse when the deed was executed and in those who might afterwards be born, with an ultimate remainder in the descendants of such of these children of the life-tenant who might die before the life-estate terminated (pp. 536, 539, 540). And in the judgment of affirmance, adopting this opinion of the court below, this court said: "Under the terms of the deed, we think a vested estate was created in the maker's grandchildren" — that is, a vested estate in remainder was in the children of the life-tenants, which shows conclusively that the only descendants of these children of the life-tenants who could take by representation would be the descendants of such children who had a vested interest and died before the vest-

ing of the remainder in possession. And thus the plaintiff in error in the case at bar, as the descendant of the child who was dead before the devise took effect, would also be excluded in a case falling within the Civil Code, § 3084. This construction of section 3084 preserves its provisions, and also keeps it in harmony with other sections of the code applying to the devolution of the title of estates in remainder, and with the law governing vested remainders to children as a class, which latter law, as an immemorial and inflexible rule of property, can not be changed by the forced construction of a new law that was never designed to make such change.

2. A plain, written legal will can not be reformed by making an addition to it. *Willis* v. *Jenkins*, 30 *Ga.* 167. See also *Hertz* v. *Abrahams*, 110 *Ga.* 724. The testator in the case at bar gave the property in dispute expressly to his son, William G. Kendrick, for life, with remainder to that son's children as a class. When he made his will he knew that his son then had a child in life, with the possibility of others being born, and that the plaintiff in error, a child of a deceased daughter of his son, was also then living. There is not a word in his will which indicates that the grandchild of his son should take under the plain designation of children of his son. "The ordinary, popular, and legal sense of the word 'children' embraces only the first generation of offspring, and for it to be extended further there must either be something in the context showing that a larger signification was intended, or the person using it must know that there neither is nor can afterwards be any person to whom the term can be applied." *White* v. *Rowland*, 67 *Ga.* 554, and authorities there cited. And there is no statute law of this State which changes this well-settled rule, and especially by which a grandchild of the life-tenant, whose parent died even before the testator made his will, can share in a vested remainder to the life-tenant's children as a class, in place of her deceased parent, who never had, nor could be intended to have, any interest in the remainder.

Hence we hold that J. H. Kendrick, who was the only child of William G. Kendrick in esse when the title to the remainder vested at the testator's death, and afterwards and at the time of the vesting of the remainder in possession at the life-tenant's death, was, upon the termination of the life-estate, the sole legal

owner, under the will of the testator, of the remainder involved in this case.  *Judgment affirmed. All the Justices concur.*