## TOWN OF DECATUR *v.* RANDALL *et al.*

1. Where certain persons as owners of a tract of land brought suit against a municipal corporation for taking and appropriating a strip thereof, ·a deed offered by the plaintiffs, which created in them merely a con-. tingent remainder (the event not having happened which would vest

the remainder), was not relevant, and it was error to overrule objections to the introduction of the same in evidence.

2. Where plaintiffs did not have, at the commencement of the suit, such title as would enable them to maintain the action, after-acquired title would not avail them for that purpose.

FEBRUARY 22, 1916.

Action for damages. Before Judge Reid. DeKalb superior court. January 2, 1915.

*L. J. Steele,* for plaintiff in error.

*N. A. Morris* and *George D. Anderson,* contra.

BECK, J. Herbert Randall, Gussie Randall, Margaret Randall, Catron Randall, Beatrice Randall, and Lois Randall, in their own right, and B. P. Randall, suing as next friend for his minor children, Harvey Randall and Cobbie Randall, brought suit, on the 13th day of February, 1912, against the Town of Decatur, alleging that petitioners were the owners of a tract of land in DeKalb County fronting on a main street in the Town of Decatur, and were in actual possession of the same; and that the municipal authorities widened the street and in doing so took and appropriated a strip of land off of the said tract without instituting any proceedings to condemn or ascertain the value thereof. Petitioners asked judgment for the value of the land taken. The defendant filed an answer denying the essential allegations of the petition. Under the charge of the court the jury returned a verdict for the plaintiffs. The defendant made a motion for a new trial, which was denied, and it excepted.

1. A deed from E. Mason to Caroline E. Randall was admitted in evidence over objection duly made by the defendant. The deed conveyed the tract of land in controversy to Caroline E. Randall, who was the daughter of the grantor, "for and during her life, and at her death to her children then in life; and should the said Caroline E. Randall die without children, then the said premises to be the property of the other children of the said E. Mason then living." This conveyance vested a life-estate in the property in Caroline E. Randall, and made those of her children who should be living at the time of her death contingent remaindermen. Caroline E. Randall is still in life. When the deed was offered in evidence it was objected to on the ground that no title to the land therein described had ever vested in the plaintiffs in this case, as they have only a contingent remainder under the

terms of the deed, the contingency being as to the person and not as to the event. We think this objection was valid, and that the deed should have been excluded. The plaintiffs have sued as owners, and they show merely an interest that is contingent. The suit is not one for interference with possession of the land, but is to recover for injuries to the freehold.

2. The court erred in admitting in evidence, over objection, a deed from E. H. Mason and Thomas E. Mason to plaintiffs, the grantors being the sole surviving children of E. Mason, the father of Mrs. Caroline E. Mason and the grantor in the deed to her, dealt with in the foregoing division of this opinion. This deed was executed subsequently to the commencement of the suit; and a conveyance to the plaintiffs subsequently to the institution of the suit could not give them a right to recover, where they did not have title when the suit was begun. This was ruled in a recent case, *Louisville & Nashville R. Co.* v. *Ramsay,* 134 *Ga.* 107 (67 S. E. 652). In that case it was said: "They [the plaintiffs] could not rely upon title acquired after the suit was filed (*Deas.* v. *Sammons,* 126 *Ga.* 432, 55 S. E. 170), or after the trespass was committed (*Allen* v. *Macon, Dublin & Savannah R. Co.,* 107 *Ga.* 838 (33 S. E. 696)."

Our ruling upon the admissibility of the deeds referred to above renders it unnecessary for us to discuss the ground of the motion for a new trial based upon the charge of the court in which the jury were instructed that the deeds were sufficient to put such title in the plaintiffs as would authorize a recovery in this case.

*Judgment reversed. All the Justices concur.*