1. A deed to A "as trustee for his legal heirs" is a conveyance to A as trustee for his children in esse at the time the deed is executed.

2. A deed to A "for and during his natural life, and at his death to be equally divided between the heirs at law of" A, creates a life-estate in A, with remainder to his children; the remainder estate is vested in the children in esse at the time of the execution of the deed, subject to be reopened to let in after-born children. Upon the death of a child in esse when the deed was excuted, before the death of the life-tenant, leaving a husband and a child, the latter also dying before the life-tenant's death, the husband succeeded by inheritance to the share of the deceased remainderman.

SEPTEMBER 21, 1916. REHEARING DENIED SEPTEMBER 23, 1916.

Partition. Before Judge C. S. Reid (motion for new trial before Judge Smith). Clayton superior court. August 10, 1915.

*J. F. Golightly,* for plaintiff in error.

*A. H. Davis, Joseph W. & John D. Humphries,* and *O. J. Coogler,* contra.

EVANS, P. J. The action is for partition of land, and the correctness of the judgment under review turns upon a construction of two deeds. On October 6, 1884, a deed was executed by S. H. Gay, conveying certain lands to his son, John C. Gay, "as trustee for his legal heirs." The tenendum clause was as follows: "To have and to hold the said bargained premises unto the said John C. Gay, trustee as aforesaid, and his legal heirs, with all and singular the rights, members, and appurtenances thereunto belonging to the same or in any wise appertaining forever in fee simple." On August 10, 1891, S. H. Gay executed a deed to other land to his son, John C. Gay, "for and during his natural life, and at his death the said property hereinafter described to be equally divided between the heirs at law of the said John C. Gay. Said John C. Gay has no right or power or authority to sell or otherwise dispose of said property, but the power is vested in said John C. Gay to sell and dispose of the rents and profits arising from same; said property described as follows. . . This deed is made and the same is accepted upon the following conditions, and in no other wise: No title to said property or any portion of same is to vest in the said John C. Gay, but only the rents, profits, and proceeds arising from same. Said John C. Gay is to have the full control and management of said property, but in no case to sell or otherwise dispose of said property." The grantor warranted

the title to "John C. Gay, his heirs and assigns." At the date of the deed in 1884 John C. Gay was married and had two children, Myrtle and Mattie. Myrtle intermarried with Foster Wise, and died in 1903, leaving an infant son, who died shortly after the death of his mother, leaving Foster Wise as sole heir at law of his wife. Mattie intermarried with L. J. Cook, and died in 1913, leaving one child and a husband, both of whom are living. Another child (J. H. Gay) was born to John C. Gay in 1891. The wife of John C. Gay died in 1894, and he married again in 1898, and by the second marriage had four children, all of whom are in life. John C. Gay died in 1914. Foster Wise in 1905 conveyed his interest in the land to J. F. Milner; and the question is, whether Foster Wise had any interest in the land on which his conveyance could operate. The court so construed the deeds as to exclude Foster Wise or his grantee from sharing in the property.

1. We will consider first the deed of 1884. The granting clause is to "John C. Gay as trustee for his legal heirs," and the tenendum clause is "to have and to hold the said bargained premises unto the said John C. Gay, trustee as aforesaid, and his legal heirs." When the deed was executed John C. Gay had two living children, Mattie and Myrtle. Other children were subsequently born to him. Both the granting and tenendum clauses exclude John C. Gay from taking an interest in the land other than as trustee "for his legal heirs." The deed reflects no intention on the part of the grantor to keep the estate in nubibus till his son's death. He must have used the words "legal heirs" in the sense of children, and under familiar rules of construction only such children as were in life at the time the deed was made took thereunder. *Turner v. Barber*, 131 *Ga.* 444 (62 S. E. 587); *Tharp v. Yarbrough*, 79 *Ga.* 382 (4 S. E. 915, 11 Am. St. R. 439); *Hollis v. Lawton*, 107 *Ga.* 102 (32 S. E. 846, 73 Am. St. R. 114); *Plant v. Plant*, 122 *Ga.* 763 (50 S. E. 961). The case of *Vinson v. Vinson*, 33 *Ga.* 454, was cited as authority for holding that the present beneficiaries of the trust are the heirs apparent of John C. Gay, but the ultimate beneficiaries are those who were heirs at law of John C. Gay at his death. The estate in that case was created by a will, in devises so confused that the learned Justice who wrote the decision compared its language to the confusion of tongues of Babel. The ruling of that case stands on its own special facts, and does not con-

flict with our present holding. Applying this construction to the facts of the case, the trustee took the estate in trust for his two daughters in life at the time, viz., Mattie and Myrtle. Upon the death of Myrtle her half interest passed by inheritance to her husband and child, and upon the death of the child the husband became entitled to her half interest in the land.

2. In the deed executed in 1891 the estate granted is "to John C. Gay for and during his natural life, and at his death to be equally divided between the heirs at law of John C. Gay." Before the code a devise to A for life and at his death to his heirs, lawful heirs, or words of similar import, gave the fee to A. *Wilkerson* v. *Call,* 80 *Ga.* 367 (7 S. E. 319, 12 Am. St. R. 258). But the code declares: "Limitations over to heirs, heirs of the body, lineal heirs, lawful heirs, issue, or words of similar import, shall be held to mean children, whether the parents be dead or alive; and under such words children and the descendants of deceased children, by representation, in being at the time of the vesting of the estate, shall take." Civil Code (1910), § 3660. Under this section the deed under consideration created a life-estate in John C. Gay, with remainder over to his children. When the deed was made John C. Gay had three children, Myrtle, Mattie, and Heyward. Subsequently four more children were born unto him. The grant in remainder was to the children of John C. Gay as a class; and the rule is that where there is a grant of a remainder to children as a class, children in esse at the time of the execution of the deed take a vested remainder, which opens for the purpose of letting in after-born children. The rule is the same in the case of deeds and wills. *Olmstead* v. *Dunn,* 72 *Ga.* 850; *Burnett* v. *Summerlin,* 110 *Ga.* 349 (35 S. E. 655); *Crawley* v. *Kendrick,* 122 *Ga.* 183 (50 S. E. 41, 2 Ann. Cas. 643); *Cooper* v. *Mitchell Inv. Co.,* 133 *Ga.* 769 (66 S. E. 1090, 29 L. R. A. (N. S.) 291); Wager *v.* Wager, 1 Serg. & R. 373; Waddell *v.* Waddell, 99 Mo. 338 (12 S. W. 349, 17 Am. St. R. 575); Moore *v.* Weaver, 82 Mass. 304; 2 Washb. Real Prop. § 1545. The code section just cited introduces children of deceased children into the class, and the effect of this section upon the general rule is to enlarge the class of remaindermen when designated as heirs, lawful heirs, or the like, so as to include children of deceased children. Both daughters, Myrtle and Mattie, died before the death of the life-tenant.

The former intermarried with Foster Wise, and died leaving an infant, who died before the death of the life-tenant, leaving Foster Wise, the father, as the sole heir at law; and he conveyed his interest thus acquired to Milner. Inasmuch as the daughter Myrtle took a vested remainder, subject only to be reduced in quantity of estate by the birth of after-born children, and her infant child having predeceased the life-tenant, her husband succeeded to that interest by inheritance. The daughter Mattie intermarried with L. J. Cook, and died leaving a child, who took by representation the interest of his mother. So that the land is to be divided into seven shares, one share to Milner, the grantee of Foster Wise, one share to the child of Mattie Gay Cook, one share to J. H. Gay, and one share each to the children of the second marriage, who were born subsequently to the execution of the deed, and who survived the life-tenant.

*Judgment reversed. All the Justices concur, except Gilbert, J., not presiding.*