## GIBBONS *v.* INTERNATIONAL HARVESTER CO. *et al.*

1. In a devise to one for life, with remainder to his children as a class, there being no child of the life-tenant in esse at the death of the testator, the remainder is construed to the contingent until the birth of a child, when the title to the remainder immediately vests, subject to open and take in all children born before the termination of the life-estate.
2. A child belonging to the class referred to in the foregoing headnote has a leviable interest in the property devised.
3. The court did not err in refusing an injunction restraining the enforcement of a fi. fa. against such interest.

FEBRUARY 15, 1917.

Petition for injunction. Before Judge Wright. Floyd superior court. March 4, 1916.

W. S. Gibbons, W. S. Gibbons Jr., Robert, Charles, and Fannie Lou Gibbons filed their petition against the International Harvester Company, of America and Barron, sheriff, to restrain them from enforcing a fi. fa. which had been levied upon an undivided one-fourth interest in remainder, after the life-estate of W. S. Gibbons, in certain described land as the property of W. S. Gibbons Jr., the defendant in fi. fa. The first named is the father of the other four plaintiffs. The land so described was conveyed by deed of Archer Griffeth to W. S. Gibbons. Petitioners alleged that the defendant in fi. fa. had no leviable interest in the property, but that his interest was in contingent remainder. The judge refused the injunction, and the petitioners excepted. For the other facts see the opinion.

*M. B. Eubanks,* for plaintiff.

*Lipscomb & Willingham,* for defendants.

BECK, J. (After stating the foregoing facts.) The court properly refused the injunctive relief prayed. Injunction is sought upon the sole ground that W. S. Gibbons Jr. had no leviable interest in the property. His interest in the property levied upon is derived from the following item in the will of Samuel Gibbons, who died in 1870: "It is my will and my desire that my executors hereinafter named, as soon as the same can be done without sacrificing the same, sell all other lands owned by me, wherever situated, and of the proceeds therefrom vest the sum of ten thousand dollars in a valuable tract of land for the use and benefit of my son, W. S. Gibbons, for and during the term of his natural life, remainder to his children, or, if the same can not be profitably

invested in lands, then to be vested [invested?] in the discretion of my executors in solvent stock, the dividend or interest arising therefrom to be used by the said W. S. Gibbons during his natural life and at his death the principal to go to and be enjoyed by the children of his body." The sum of money bequeathed was invested in a tract of land, and a deed in accordance with this item of the will was taken from the vendor, conveying the land to W. S. Gibbons (Sr.) for life, and to his children in remainder. At the time of the execution of the deed he had no children and was not married. He subsequently married and the four children heretofore named were born to him.

The devise was to W. S. Gibbons for life, and to his children as a class in remainder. No child of the life-tenant was in esse at the death of the testator, and the remainder was therefore contingent until the birth of a child; but upon the birth of a child the title to the remainder immediately vested, subject to open and take in all other children born before the termination of the life-estate. *Crawley* v. *Kendrick,* 122 *Ga.* 183 (50 S. E. 41, 2 Ann. Cas. 643) ; *Milner* v. *Gay,* 145 *Ga.* 858 (90 S. E. 65).

Having held that W. S. Gibbons Jr. had a vested-remainder interest in the property, it follows that his interest was leviable. *Wilkinson* v. *Chew,* 54 *Ga.* 602. The levy would more properly have been made upon the undivided remainder interest of W. S. Gibbons Jr., instead of upon a one-fourth interest, inasmuch as the life-estate is not yet terminated, and in case the life-tenant should have other children the remainder interest would open again to let in such child or children, and the interest leviable upon by this fi. fa. against W. S. Gibbons Jr. would be, not one fourth, but an interest in remainder equal to that of each of the other remaindermen. However, this question is not raised by the petition, but the enforcement of the fi. fa. is combated upon the sole ground that the defendant in fi. fa. has no leviable interest in the property.          *Judgment affirmed. All the Justices concur.*