---

COOK *v.* LIPSEY.   COOK *v.* PRUITT.   COOK *v.* WILLIAMS,
*et vice versa.*

ATKINSON, J. In 1916 William T. Cook, claiming title as tenant in remainder under the will of Dudley Sneed, instituted separate actions for land against J. A. Lipsey, J. G. Pruitt, and Mrs. Mamie Sawyer Callaway Williams. The several defendants deraigned title through the will. All of the cases were referred to an auditor. To the report of the auditor in each case exceptions of law and fact were filed by both parties. The cases made by the exceptions having been submitted to the judge upon all questions of law and fact, judgment was rendered, overruling some of the exceptions and sustaining others, the effect of which was to deny a recovery by the plaintiff of any of the land in each of the two cases first named, and in the suit against Mrs. Williams to allow a recovery of an undivided half interest in the east half of lot number 49, and mesne profits, and to deny a recovery by the plaintiff of any other land involved in the suit. The plaintiff excepted in all of the cases, and Mrs. Williams filed a cross-bill of exceptions in the suit against her. The will was probated in 1863. By items two and three the testator directed that his just debts be paid, and that stated sums of money be given to named persons. Item four gave "all of the balance" of the testator's "property, real and personal," to his wife, "Demarius Sneed, to have and to hold and enjoy the same during her natural life." Item five declared: ".After the death of my wife, Demarius Sneed, I desire that all of the said property (except the above legacies of one hundred dollars and one thousand dollars) shall be equally divided between Garnett A. Sneed and James Benton Cook, to be owned, held, and enjoyed by each of them during their natural life; and after the death of either the said Garnett A. Sneed or James Benton Cook, his wife and children shall take and receive his share, to be equally divided between them, in fee simple; and in case either of them shall die without wife or children, his share shall be equally divided between the wife and children of the other in fee simple; and in case both of them die leaving no wife and no children, then said prop-

erty shall be equally divided between the grandchildren of Samuel M. Sneed." Item six declared: "I appoint Jesse Cock my executor with full power to execute and have performed this will, and I. desire no bond and security shall be required of him." In 1866 Garnett A. Sneed left the country, and was never heard from. He had a wife and daughter, who also left soon after his departure, and were never heard from. After probate of the will James Benton Cock married, and the only issue of the marriage was William T. Cock (plaintiff), born in 1874. Demarius Sneed (widow of the testator) died in 1873. James Benton Cock died in 1912, and his wife in 1910. In 1866, shortly before his departure, Garnett A. Sneed conveyed his interest under the will to George Kimbrough and Fred H. West. In 1878 West executed a deed purporting to convey the same interest to Gilbert M. Stokes. George Kimbrough died, leaving a widow and minor children. In 1880 James Benton Cock, Gilbert M. Stokes, and Henrietta Kimbrough (widow of George Kimbrough), the latter two claiming under the above-mentioned deed executed by Garnett A. Sneed, agreed upon a division of the property, and divided it out among themselves (except the east half of lot 49, and certain land that had been sold by the legal representative of the estate), and in pursuance of such agreement each received in severalty certain of the lots, and thereafter the lots so partitioned were transferred by successive conveyances to the several defendants. In 1898, after attaining his majority, W. T. Cock executed a deed to Johnson & Harrold, under whom defendants claim, purporting to convey the land set apart in the division to James Benton Cock. *Held:*

1. An exception to an auditor's report, complaining of the admission or exclusion of evidence, should set forth literally or in substance the evidence alleged to have been erroneously admitted or rejected. *Torras* v. *Raeburn*, 108 *Ga.* 345 (33 S. E. 989); *Rusk* v. *Hill*, 117 *Ga.* 722 (45 S. E. 42); *Baxter* v. *Camp*, 126 *Ga.* 354 (54 S. E. 1036); *National Bauxite Co.* v. *Republic Mining Co.*, 146 *Ga.* 530 (91 S. E. 781); *Hilton* v. *Haynes*, 147 *Ga.* 725 (95 S. E. 220); *Farnsworth* v. *McPherson*, 147 *Ga.* 384 (94 S. E. 220).

2. Giving effect to the testator's intention as gathered from the whole will, an estate for life in the residue of the testator's property was vested in his widow; at the death of the testator's widow an estate for the life of James Benton Cock in one half of the residue of the testator's property was vested in him; and at the death of James Benton Cock an estate in remainder was vested in his only child, William T. Cock, subject to be divested (*a*) in favor of the wife and children of Garnett A. Sneed upon the death of said child before the death of his father, James Benton Cock; (*b*) in favor of the grandchildren of Samuel M. Sneed upon the death of the wife and children of Garnett A. Sneed and William T. Cock, the only child of James Benton Cock, before the death of Garnett A. Sneed and James Benton Cock; also, at the death of the testator's widow an estate for the life of Garnett A. Sneed in one half of the residue of the testator's property was vested in him, and at the death of Garnett A. Sneed an estate in remainder was vested in his wife and daughter, subject to be divested (*a*) in favor of the wife and children of James Benton Cock upon the death of said wife

and daughter before the death of said husband and father, Garnett A. Sneed; (*b*) in favor of the grandchildren of Samuel M. Sneed upon the death of the wife and daughter of Garnett A. Sneed and W. T. Cock, the only child of James Benton Cock.

3. Under the Civil Code a remainder "may be created for persons not in being; and if a vested remainder, it opens to take in all persons within the description coming into being up to the time of enjoyment commencing." § 3679. William T. Cock, the son of James Benton Cock, one of the second life-tenants, not being in esse at the death of the testator, the remainder is construed to be contingent until the birth of the child in whom the title to the remainder immediately vests, subject to open and take in all other children born before the termination of the life-estate (*Crawley* v. *Kendrick,* 122 *Ga.* 183, 184, 50 S. E. 41, 2 Ann. Cas. 643; *Gibbons* v. *International Harvester Co.,* 146 *Ga.* 467, 91 S. E. 482, McArthur *v.* Scott, 113 U. S. 340, 5 Sup. Ct. 652, 28 L. ed. 1015), and in this case subject to be divested upon the happening of the contingent events provided for in the will.

4. The provisions contained in the fifth item of the will did not change the vested remainders in William T. Cock, and the wife and daughter of Garnett A. Sneed, into remainders contingent upon William T. Cock surviving James Benton Cock, and said wife and daughter surviving Garnett A. Sneed, but merely designated the contingent event upon which such remainders to William T. Cock and said wife and daughter might become divested prior to the time of their vesting in possession at the period of distribution, namely, at the respective deaths of James Benton Cock and Garnett A. Sneed. *Sumpter* v. *Carter,* 115 *Ga.* 893 (42 S. E. 324, 60 L. R. A. 274).

(*a*) Nothing here said conflicts with the ruling in *Watson* v. *Adams,* 103 *Ga.* 733 (30 S. E. 577), where the vesting of the remainder was made to depend upon the event of the remaindermen surviving the life-tenant, nor with the rulings made in *Taylor* v. *Meador,* 66 *Ga.* 230, *City Council of Augusta* v. *Radcliffe,* 66 *Ga.* 469, *White* v. *Rowland,* 67 *Ga.* 546, and *Smith* v. *Smith,* 130 *Ga.* 532 (61 S. E. 114, 124 Am. St. R. 177), where the superadded words in the instruments under construction manifested the intention of the maker to vest the remainder only upon the contingency of the remaindermen being in life at the time of the death of the life-tenant. *Cooper* v. *Mitchell Investment Co.,* 133 *Ga.* 769, 775 (66 S. E. 1090, 29 L. R. A. (N. S.) 291).

5. In order for the plaintiff to recover the property devised to Garnett A. Sneed, the burden of proof was upon him to show that Garnett A. Sneed died prior to James Benton Cock, leaving no wife or child. While there would be a presumption of death of Garnett A. Sneed and his wife and daughter from the lapse of more than seven years since they were last seen or heard of (Civil Code, § 5740), there would be no presumption that Sneed survived his wife and daughter, or that he had no other children whom he survived. This burden of proof was not borne.

6. Under the provision in the fifth item of the will, that after the death of the testator's wife the property devised to her for life "shall be equally divided between Garnett A. Sneed and James Benton Cock, to

be owned, held, and enjoyed by each of them during their natural life; and after the death of either the said Garnett A. Sneed or James Benton Cock, his wife and children shall take and receive his share, to be equally divided between them, in fee simple," etc., a division between James Benton Cock and Garnett A. Sneed would be valid, whether made by them individually or by their assigns. *Sewell* v. *Holland*, 61 *Ga.* 608 (3); *Watkins* v. *Gilmore*, 130 *Ga.* 797 (62 S. E. 32).

(a) This provision of the will contemplates division between James Benton Cock and Garnett A. Sneed or their assigns, and that after a division the interest which the wife and children of James Benton Cock or Garnett A. Sneed should take under the will would relate to the entire interest in the property as set apart to James Benton Cock or Garnett A. Sneed or their assigns severally.

(b) Accordingly, a fair division of the property after the death of Damarius Sneed between James Benton Cock and successors in title of Garnett A. Sneed was binding upon W. T. Cock, the only child of James Benton Cock, notwithstanding he was a minor at the time of the division, and was not otherwise a party thereto. On the subject generally see *Acord* v. *Beaty*, 41 L. R. A. (N. S.) 400 (244 Mo. 126, 148 S. W. 901), and authorities cited.

(c) The will involved in *Wright* v. *Sparks*, 127 *Ga.* 365 (56 S. E. 442), was materially different from that under consideration, and in that case there was no division of the estate among the life-tenants; and dicta in the opinion to the effect that if there had been such division it would not be binding upon the remaindermen were obiter and are not controlling.

7. The east half of lot 49 was not affected by the division relatively to plaintiff's undivided half interest therein, and prescription did not begin to run against him until the death of James Benton Cock, which having occurred less than seven years before commencement of the suit, prescriptive title did not mature.

8. The lots sold off by the administrator with the will annexed did not constitute any part of the estate devised to the above-named legatees.

9. The rulings of the court on exceptions to the auditor's report, which were sufficient to raise any question for decision under the ruling announced in the first headnote, when considered in the light of the evidence, show no cause for reversal.

*Judgment affirmed in all the cases. All the Justices concur.*

Nos 676, 677, 678, 726. August 13, 1918. Rehearing denied September 14, 1918.

Complaint for land. Before Judge Littlejohn. Lee superior court. September 7, 1917.

*W. T. Lane, Shipp & Sheppard,* and *W. G. Martin,* for plaintiff. *Yeomans & Wilkinson* and *Robert R. Forrester,* for defendants.