No. 6655. NOVEMBER 17, 1928.

*R. R. Jones,* for plaintiff in error. *W. H. Gurr,* contra.

EVERETT *et al. v.* BANK OF NEWTON COUNTY *et al.*

. No. 6695. NOVEMBER 17, 1928.

*Terrell & Terrell,* for plaintiffs.

*A. S. Thurman* and *Reuben M. Tuck,* for defendants.

GILBERT, J.   Under the provision of the will quoted in the foregoing statement of facts, the wife and children, at the death of the testator, took vested interests.   The interest of the daughter

of testator, Mrs. Everett, was a life-estate, with remainder in fee to her children. At the death of the testator no child had been born to Mrs. Everett. Two were subsequently born to her. The remainder interest "is construed to be contingent until the birth of a child, when the title to the remainder immediately vests, subject to open and take in all children born before the termination of the life-estate." *Gibbons* v. *International Harvester Co.*, 146 *Ga.* 467 (91 S. E. 482). "Under the Civil Code a remainder 'may be created for persons not in being; and if a vested remainder, it opens to take in all persons within the description, coming into being up to the time of enjoyment commencing.' § 3679." *Cock* v. *Lipsey,* 148 *Ga.* 322 (3) (96 S. E. 628). Accordingly, Mrs. McCullough and Mrs. Archer, as the daughters of Mrs. Everett, at their birth took a vested fee-simple interest in the land partitioned to Mrs. Everett, but their interests are subject to be opened to let in any other child that may be born to Mrs. Everett. The interests, both of Mrs. Everett and her children, could be, and were, conveyed. *Davidson* v. *Blackwell,* 152 *Ga.* 48, 52 (108 S. E. 469), and cit. These interests were not such bare contingencies or possibilities as are contemplated in the Civil Code (1910), § 4117. Neither the husband nor the children of Mrs. McCullough possessed any interest in the land when the note and the security deed were executed. The security deed conveyed out of her all interest that she had in the land, for the purpose of securing the payment of borrowed money. Unless and until that obligation was performed, Mrs. McCullough had no interest, and there was none to go from her at her death to her heirs at law. The note was not paid; judgment was obtained on it and execution was issued and levied. As security the interests of the life-tenant and the only remaindermen in esse are subject. No other child of Mrs. Everett has been born. When that event happens, if it ever should, that child may claim an interest in the land from the purchaser at the judicial sale, or from his heirs or assigns.

We do not think it necessary to discuss the question whether the partition of the land of the testator among his grandchildren in 1875 was conclusive. That question is not mentioned in the brief of counsel for the plaintiffs. On the contrary, counsel say, "We think that the case is controlled absolutely by a proper construc-

tion of the third item of testator's will." Cases relied upon by counsel for plaintiffs (*Irvin* v. *Porterfield*, 126 *Ga.* 729, 55 S. E. 946; *Sumpter* v. *Carter*, 115 *Ga.* 893, 42 S. E. 324, 60 L. R. A. 274; *Harris* v. *McDonald*, 152 *Ga.* 18, 108 S. E. 448; *Toucher* v. *Hawkins*, 158 *Ga.* 482, 123 S. E. 618), and other cases therein cited, have been examined and found not to be in conflict with what is ruled above.

*Judgment affirmed. All the Justices concur.*