PADGETT *et al. v.* HATTON.

No. 15363.   JANUARY 8, 1946.

*Lesler Dickson,* for plaintiffs.
*F. A. Sams* and *J. W. Culpepper,* for defendant.

JENKINS, Presiding Justice. (After stating the foregoing facts.) 1. "If two clauses in a deed are utterly inconsistent, the former shall prevail; but the intention of the parties, from the whole instrument, should, if possible, be ascertained and carried into effect." Code, § 29-109.

2. Giving effect to each of the quoted provisions of the deed, it must be taken to mean that the grantor, after reserving a life estate for himself and wife, conveyed a succeeding life estate to "E," with remainder over at her death to the heirs of her body, if any, in fee simple; but that, if "E" should die without leaving heirs of her body, then the fee should revert and go as a successor or ultimate remainder to the brothers and sisters of "E."

3. "Limitations over to . . 'heirs of the body,' 'lineal heirs,' 'lawful heirs,' 'issue,' or words of similar import, shall be held to mean 'children,' whether the parents are alive or dead; and under such words children, and the descendants of deceased children, by representation in being at the time of the vesting of the estate, shall take." Code, § 85-504.

4. "Remainders are either vested or contingent. A vested remainder is one limited to a certain person at a certain time, or upon the happening of a necessary event. A contingent remainder is one limited to an uncertain person, or upon an event which may or may not happen." § 85-703. While the Code thus classifies and defines in general terms all remainder estates as being either vested or contingent, under the rules of the common law and under the decisions of this court and of foreign jurisdiction, it is recognized that both vested and contingent remainders are subdivided into a number of classes. The classes of vested remainder may be stated as follows: (a) vested remainders that are absolutely and indefeasibly fixed and determined; (b) vested remainders to a class, which is subject to open and take in additional remaindermen after the time the estate becomes vested; and (c) vested remainders either to a person or to a class, but subject to be thereafter divested. A vested remainder may in its nature partake of the characteristics of both of the last-mentioned classes. In similar manner, the different classes of contingent remainder may be stated as follows: (a) contingent remainders where the estate is to an uncertain person; (b) contingent remainders where the person is certain, but where the vesting of

the estate in him is conditioned upon the happening of an uncertain event. See Mitchell on Real Property, pp. 199, 251.

5. A number of decisions of this court are cited and relied on by the plaintiff in error, in which, as in *Lumpkin* v. *Patterson,* 170 *Ga.* 94 (152 S. E. 448), *Milner* v. *Gay,* 145 *Ga.* 860 (90 S. E. 65), and *Ward* v. *Ward,* 176 *Ga.* 849 (5) (169 S. E. 120), it is stated: "The rule is that, where there is a grant of a remainder to children as a class, children in esse at the time of the execution of the deed take a vested remainder, which opens for the purpose of letting in afterborn children. The rule is the same in the case of deeds and wills." See also, to the same effect, *Crawley* v. *Kendrick,* 122 *Ga.* 183, 187 (50 S. E. 41, 2 Ann. Cas. 643); *Toucher* v. *Hawkins,* 158 *Ga.* 482 (2) (123 S. E. 618); *Burney* v. *Arnold,* 134 *Ga.* 141 (2) (67 S. E. 712); *Sumpter* v. *Carter,* 115 *Ga.* 893 (3) (42 S. E. 324, 60 L. R. A. 274); *Irvin* v. *Porterfield,* 126 *Ga.* 729 (55 S. E. 946); 31 C. J. S. 92, § 73. See also, in this connection, *Kollock* v. *Webb,* 113 *Ga.* 762 (39 S. E. 339); *Gibbons* v. *International Harvester Co.,* 146 *Ga.* 467 (91 S. E. 482); *Olmstead* v. *Dunn,* 72 *Ga.* 850 (3 a). These cases do not, however, support the contention of the plaintiffs in error that the remainder estate vested in the alternative remaindermen, that is, the brothers and sisters of "E" upon the delivery of the deed, the children of some of these brothers and sisters of "E" being those who now claim under their deceased parents as against the surviving brothers and sisters. Under the terms of the deed, both the original estate in remainder, and the alternative estate in remainder were contingent—the first being uncertain as to the person, since there were no children in esse when the deed was delivered (*Gibbons* v. *International Harvester Co.,* 146 *Ga.* 467, supra), the second, uncertain as to the event, since there might or might not ever be any. This being true, the remainder estate could not then vest in either class of remainder; but, under the terms of the deed, was held in abeyance until the death of "E" removed all contingent uncertainties as to the person and as to the event, and vested the absolute title.

(a) The contention of the plaintiffs in error, that the alternative fee estate in remainder in favor of the brothers and sisters must have vested upon the delivery of the deed for the reason that it could not then have vested in the children of "E" when there

were none, and must necessarily have immediately vested some-where when the deed was delivered, is not tenable. The fee estate in remainder did not have to vest anywhere to begin with. The Code, § 85-706, provides: "Estates in remainder may be created for persons not in being; and if the remainder is vested, it opens to take in all persons within the description coming into being up to the time enjoyment commences." Under this section, estates in remainder can be created for persons not in esse, and under the decisions it means that, whenever the remainder estate ceases to be contingent and becomes vested upon the happening of the con-tingency, then it will also thereafter open to take in all additional persons answering to the description up to the time enjoyment commences. *Crawley* v. *Kendrick,* 122 *Ga.* 183 (50 S. E. 41, 2 Ann. Cas. 643). Accordingly, under the terms of the deed, the vesting of whichever remainder estate should ultimately take would await the culmination of the one specific future event mentioned by the deed, and then vest, whether in the original or alternative remaindermen, accordingly. The deed made the fee to ultimately vest either in the one class or the other, and only deferred the de-termination as to which class, until the one specified contingency should cease to exist. The Code, § 113-816, defines an executory devise as follows: "An executory devise is such a limitation of a future estate in lands or chattels as the law admits in case of a will, though contrary to the rules of limitation in conveyances at common law." Until the law was changed by statute (Code, § 85-502), a remainder could not be limited over after a fee; but even at common law there was one exception to this rule, in that it was possible to limit two concurrent fees by way of remainder, one as alternative to the other, the latter to take effect only in the event that the former should fail. 23 R. C. L. (Remainders) § 12. It is evident, therefore, that the observations by this court in *Singer* v. *First National Bank and Trust Co.,* 195 *Ga.* 269, 272 (24 S. E. 2d, 47), to the effect that a deed to an immediate estate in land made directly to a person not in esse is void, is not in point, since here the estate involved is one in remainder, and is governed by the law respecting estates in remainder.

6. Since the remainder estate in fee did not and could not vest until the termination of the life estate in "E," the judge did not err in so holding.

7. The petition having been brought ·solely on the expressly limited theory that the alternative ultimate-remainder estate vested on the delivery of the deed, and having expressly conceded that, if this were not the case, the plaintiffs would not be entitled to prevail, and this being the only question presented to the judge, and he having based his ruling on the theory thus presented and thus limited by the pleading, and the exceptions taken to such ruling being based on no other theory of the case—no intimation or decision is made one way or the other as to what rights, if any, the plaintiffs might have had under the provisions of the Code, § 85-704, and under the ruling in *Crawford* v. *Clark,* 110 *Ga.* 729 (5) (36 S. E. 404). See, in this connection, *Kelly* v. *Strouse,* 116 *Ga.* 872 (9) (43 S. E. 280).

*Judgment affirmed. All the Justices concur.* ·