### BRITT *v.* FINCHER *et al.*

JENKINS, Chief Justice. Drewry W. Massee executed a deed to certain realty to T. J. Massee in trust for Mary Pauline Massee for life, with a limitation over in the following language, "and at the death of said daughter, Mary P. Massee, in trust for the use and benefit of such child or children which my daughter Mary P. Massee may have or leave in life." The habendum clause of said deed is in the following language, "And in case my daughter, Mary P., should depart this life without leaving a child or children, then this gift ceases and terminates and the property here given in trust reverts to the estate of the said Drewry W. Massee." There were no children of the life tenant in esse at the time of the execution of the deed. However, three children were subsequently born to the life tenant, one of whom died prior to the termination of the life estate, leaving one child. The question presented

is what interest, if any, the child of the remainderman who predeceased the life tenant takes. *Held:*

1. "Remainders are either vested or contingent. A vested remainder is one limited to a certain person at a certain time, or upon the happening of a necessary event. A contingent remainder is one limited to an uncertain person, or upon an event which may or may not happen." Code, § 85-703.

(A) The classes of vested remainder may be stated as follows: (a) vested remainders that are absolutely and indefeasibly fixed and determined; (b) vested remainders to a class, which is subject to open and take in additional remaindermen after the time the estate becomes vested; and (c) vested remainders whether to a person or to a class, but subject to be thereafter divested upon the happening of a contingent event. A vested remainder may in its nature partake of the characteristics of both of the last-mentioned classes.

(B) In similar manner, the different classes of contingent remainder may be stated as follows: (a) contingent remainders where the estate is to an uncertain person; (b) contingent remainders where the person is certain, but where the vesting of the estate in possession is conditioned upon the happening of an uncertain event. *Padgett* v. *Hatton,* 200 *Ga.* 209, 210 (36 S. E. 2d, 664).

2. Where a limitation over is to a class, the rules of law with respect to what persons are to take *in remainder* as purchasers under the instrument, as distinguished from the rules of law which determine when an heir at law of a deceased remainderman can take the share of his deceased parent by descent, are as follows:

(*a*) Where an unqualified limitation over is expressly to *children* of a life tenant as a class, children in esse at the time title to the remainder vests, that is to say, children in esse at the time the instrument creating the remainder becomes effective, take as purchasers under the instrument a vested remainder interest, which is subject to open and in like manner take in other children of the life tenant born subsequently to the vesting of title in the first-born remainderman. *Padgett* v. *Hatton,* 200 *Ga.* 209 (supra); *Crawley* v. *Kendrick,* 122 *Ga.* 183 (50 S. E. 41, 2 Ann. Cas. 643); *Olmstead* v. *Dunn,* 72 *Ga.* 850; *Burnett* v. *Summerlin,* 110 *Ga.* 349 (35 S. E. 655); *Cooper* v. *Mitchell Inv. Co.,* 133 *Ga.* 769 (66 S. E. 1090, 29 L. R. A. (N. S.) 291); *Milner* v. *Gay,* 145 *Ga.* 858, 860 (90 S. E. 65); *Toucher* v. *Hawkins,* 158 *Ga.* 482 (123 S. E. 618); *Lumpkin* v. *Patterson,* 170 *Ga.* 94 (152 S. E. 448); *Ward* v. *Ward,* 176 *Ga.* 849 (169 S. E. 120).

(*b*) Under our Code, changing the rule of estates in remainder at common law, remainders may be created for the future benefit of persons not in being. Code, § 85-706. In such a case, if there be no child in esse when the instrument becomes effective, the remainder is at first necessarily contingent, but only so up until the time a child is born, when title to the remainder vests in such child subject to open and take in children born after title to the remainder has vested in such first child. All such children who come into being prior to the termination of the antecedent estate take as purchasers under the instrument. *Gibbons* v. *International Harvester Co.,* 146 *Ga.* 467 (91 S. E. 482); *Crawley* v. *Kendrick,* 122 *Ga.* 183, 184 (supra); *Cook* v. *Lipsey,* 148 *Ga.* 322, 324

(3) (96 S. E. 628); *Leach* v. *Stephens*, 159 *Ga.* 193 (1) (125 S. E. 192); *Everett* v. *Bank of Newton County*, 167 *Ga.* 383 (145 S. E. 665); *Padgett* v. *Hatton*, 200 *Ga.* 209 (supra).

(c) There is yet another form or expression by which estates in remainder may be limited over to a class, the members of which take a remainder interest as purchasers under the instrument. In this State, under the provisions of the Code, § 85-504, again changing the rule at common law, "Limitations over to 'heirs,' 'heirs of the body,' 'lineal heirs,' 'lawful heirs,' 'issue,' or words of similar import, shall be held to mean 'children,' whether the parents are alive or dead; and under such words children, and the descendants of deceased children, by representation, in being at the time of the vesting of the estate, shall take." This provision of the Code has been construed in *Crawley* v. *Kendrick*, 122 *Ga.* 183 (supra), to mean that title to the remainder must first have vested in a child before the descendants of such child could take by purchase under the instrument by representation. If title had first vested, then, whether the deceased remainderman be alive or dead at the time of the vesting of the estate in possession at the death of the life tenant, descendants of deceased children would take by representation as purchasers under the instrument.

(d) Under the facts of the instant case, no question is presented, and therefore no ruling is required or made, as to any distinction or difference in the meaning of such terms as "heirs," "heirs of the body," "lawful heirs," "issue," and similar words when used otherwise than in a direct *limitation over* as is contemplated by the provisions of the last-quoted Code section, as distinguished from their meaning when otherwise used—such, for example, as in a defeasance clause providing for a reversion of the remainder interest under certain circumstances set forth by the instrument. Whether or not the meaning of such words when employed as last indicated would carry their ordinary common-law meaning unaffected by the provisions of the Code Section, is a question not here involved. See, in this connection, *Cooper* v. *Harkness*, 188 *Ga.* 121, 124 (2 S. E. 2d, 918); *Ewing* v. *Shropshire*, 80 *Ga.* 374 (7 S. E. 554).

3. The rules with respect to when an heir at law of a deceased remainderman can take the share of his deceased parent, not by purchase under the instrument, but by *descent or inheritance*, are set forth in the Code, § 85-704, as follows: "If the remainderman shall die before the time arrives for possessing his estate in remainder, his heirs shall be entitled to a vested-remainder interest, and to a contingent remainder interest when the contingency is not as to the person but as to the event. If the contingency shall be as to the person and that person shall not be in esse at the time when the contingency happens, his heirs shall not be entitled."

(a) This section simply means that, if remaindermen (other than those of a class designated as "heirs," "heirs of the body," etc., who take by purchase under the Code, § 85-504, as hereinbefore set forth in 2 (c)) shall die before the antecedent estate shall terminate and the time arrives for possessing the estate in remainder, the heirs or assigns of such deceased remainderman, if they take at all, will take by inheritance and not by purchase. Section 85-704 proceeds to set up under what con-

ditions the heirs of the predeceased remainderman shall take, and under what conditions they shall not take. For example, under this section: (1) If the deceased remainderman had at the time of his death an estate which had absolutely and indefeasibly vested, his heirs at law inherit his vested remainder interest with right of possession deferred until the termination of the antecedent estate. *Milner* v. *Gay*, 145 *Ga.* 858 (2) (supra); *Powell* v. *McKinney*, 151 *Ga.* 803 (1) (108 S. E. 231); *Crawley* v. *Kendrick*, 122 *Ga.* 183, 186 (supra). (2) If the remainderman had at the time of his death prior to the termination of the antecedent estate a vested remainder interest but subject to be divested, his heirs at law would take by descent his interest, subject however to the same divesting contingency; and if the divesting contingency never happened or became impossible, the remainder interest in his heirs at law would ripen into an absolute estate. *Sumpter* v. *Carter*, 115 *Ga.* 893, 894 (42 S. E. 324, 60 L. R. A. 274); *Fields* v. *Lewis*, 118 *Ga.* 573, 574 (2) (45 S. E. 437). (3) If the remainderman at the time of his death prior to the termination of the antecedent estate held only a contingent remainder interest, that is to say, if title to the remainder estate had not vested in him prior to his death, but the contingency was as to an event and not as to the person, then his heirs at law would take by descent the same contingent remainder interest which was held by such deceased remainderman and subject to the same contingent event; the result being that, if title to the remainder would have vested in the deceased remainderman, had he lived until the termination of the antecedent estate, it would likewise vest in his heirs at law. *Morse* v. *Proper*, 82 *Ga.* 13, 14 (8 S. E. 625); *Tate* v. *Tate*, 160 *Ga.* 449, 456 (128 S. E. 393); *Wiley* v. *Wooten*, 140 *Ga.* 16, 17 (78 S. E. 335). (4) If, however, the remainder interest was made contingent, not as to an event, but as to the person who was to take in remainder, then, under the provisions of the Code section last quoted, title to the remainder interest could not vest in anyone until the termination of the antecedent estate; and if the remainderman should die before the time arrives when it could be determined who was entitled to take in remainder, he would have no interest which could be transmitted by inheritance to his heirs at law. *White* v. *Rowland*, 67 *Ga.* 546 (44 Am. R. 731); *Smith* v. *Smith*, 130 *Ga.* 532 (61 S. E. 114, 124 Am. St. R. 177); *Lane* v. *Patterson*, 138 *Ga.* 710 (76 S. E. 47); *Decatur* v. *Randall*, 144 *Ga.* 727 (87 S. E. 1036); *Harris* v. *McDonald*, 152 *Ga.* 19 (108 S. E. 448); *Dismukes* v. *Bagley*, 165 *Ga.* 665 (141 S. E. 902).

4. While the law favors the vesting of remainders (Code, § 85-708), and a remainder will be construed to become indefeasibly vested at the earliest possible moment, the language of each particular instrument construed as a whole, showing the intent and purpose of the grantor or testator, must be given effect; and if the instrument creating the remainder should by specific language, consistent with a clear intent of the maker as gathered from the entire instrument, make the *remainder itself* subject to a contingency, the intent of the maker, if lawful, will control. For a compendium of the rules of construction applied by the courts in arriving at the intention of the maker of the instrument, see *Sumpter* v. *Carter*, 115 *Ga.* 893, 896 (supra).

5. In the instant case, after the grant of a life estate, the limitation over

is in the following language: "and *at the death* of said daughter, Mary P. Massee, in trust for the use and benefit of such child or children which my [said] daughter *may have or leave in life.*" (Italics ours.) It will be observed that the limitation over is not to such child or children which the life tenant may *have had* or leave in life. The distinction is patent. The terms, "may have" or "leave in life," as used in the instant limitation over, whether they be considered conjunctively or disjunctively, are susceptible to but one meaning, which is, that the remainder estate is to go at the death of the life tenant to such child or children as may then be in life; especially since the habendum clause indicates the same purpose and intent by using this language, "And in case my daughter, Mary P., should depart this life without leaving a child or children, then this gift ceases and terminates and the property here given in trust reverts to the estate of the said Drewry W. Massee." To construe the limitation otherwise, would be to disregard the specific language of the deed in which the grantor has disposed of his property in remainder to a single group of persons consisting of those who survive the life tenant, and to substitute therefor two groups of remaindermen consisting, not only of those children who survive the life tenant, but also an additional group consisting of those who predeceased the life tenant. In the absence of any indication that the intention of the grantor was different from that which by this language is expressed, and especially since the habendum clause indicates the same purpose and intent, the expressed intention of the grantor must be given effect as written; and this court deems it impossible by judicial construction to depart from what the grantor by his own language has actually and in terms provided. Construing the language of the deed, as we must, to mean that the estate in remainder is to such child or children as may survive the life tenant, the limitation over is not to children of the life tenant as a definite class, such as is dealt with in paragraph two of this opinion; but, on the contrary, the language of the instrument setting up the remainder estate is to such indefinite child or children as shall individually qualify by fulfilling the condition that they survive the life tenant. The effect of such a condition is to render the remainder estate contingent as to the person, and under the provisions of the Code, § 85-704, where the remainder interest is contingent as to the person, heirs of a remainderman who predecease the life tenant cannot take, since such a condition operates to prevent the vesting of the remainder in anyone until after the termination of the life estate, when, for the first time, it can be ascertained who is entitled to take in remainder.

(a) This suit as originally instituted was brought by Mrs. Cleone Massee Fincher against Mrs. Mamie Massee Felton, to partition the land here in dispute. To this petition Mrs. Mary Alda Britt, the daughter of a deceased child of the life tenant, filed an intervention, in which it was contended that her father held a vested remainder interest in the property, and that she, his daughter, was entitled to inherit her father's share. Counsel for Mrs. Fincher makes the statement in his brief that it is the opinion of his client that the intervenor did not take a child's share, for the reason that the intervenor's father had prede-

ceased the life tenant, and that the remainder interest had never vested in him; but make the further statement that the life tenant by her will expressed a desire that the .intervenor should take a child's share in the property here involved. Counsel for Mrs. Fincher state that, while this will is not of record in .this case and could not legally affect the title to the land, since the testator held only a' life estate; his client, Mrs. Fincher, is entirely willing that the intervenor should inherit a share, as the life tenant wished her to do, and that, under these circumstances, he, as counsel for Mrs. Fincher, offers no further objection by brief to the claim of the intervenor.

The case is legally before this court, and one of the defendants in error contests the claim of the intervenor. It is therefore incumbent upon us either to reverse or sustain the court below in its interpretation as to the meaning of the deed. This we must do and this we have done. Any wish Mrs. Fincher might desire to effectuate as between herself and the plaintiff in error is not a matter for this court to make provision for.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*

No. 15923. SEPTEMBER 6, 1947.

*Carlisle & Bootle,* for plaintiff in error.
*Jule Felton, A. C. Felton III,* and *Frank B. Willingham,* contra.