WARD *et al. v.* WARD *et al.*

GILBERT, J. 1. The deed executed by Garrett Tyrrell conveying described land to his daughter, Mary Ann Ward, had the effect of placing a life-interest in the latter, with remainder over to her children.

2. The granting clause of the deed expressly restricts the interest of Mary Ann Ward to a life-estate. The words "and after her death to her children" do not mean that the remainder is to children surviving her, but mean children living at the time the deed was executed and delivered or subsequently born to her.

3. "If two clauses in a deed be utterly inconsistent, the former must prevail; but the intention of the parties from the whole instrument, should, if possible, be ascertained and carried into effect." Civil Code (1910), § 4187. Therefore, if there is a conflict between two sections of the deed, the granting clause conveying a life-estate to Mary Ann Ward, and the habendum clause indicating a fee-simple title, the former

prevails. Moreover, construing the deed as a whole, it is clear that the intention of the grantor was to convey only a life-interest to his daughter; for in the body of the deed he restricted the right of the daughter to sell to purposes of reinvestment. This restriction is inconsistent with a fee-simple title.

4. The remainder or limitation over being to a class, to wit, to the children of Mary Ann Ward, children of a deceased child took the interest of their deceased parent. The remainders to the children of Mary Ann Ward vested at the time of the execution and delivery of the deed. Civil Code (1910), § 3660; *Stanley* v. *Reeves*, 149 *Ga.* 151 (3) (99 S. E. 376).

5. "Where there is a grant of a remainder to children as a class, children in esse at the time of the execution of the deed take a vested remainder, which opens for the purpose of letting in afterborn children. *Olmstead* v. *Dunn*, 72 *Ga.* 850; *Burnett* v. *Summerlin*, 110 *Ga.* 349 (35 S. E. 655); *Crawley* v. *Kendrick*, 122 *Ga.* 183 (50 S. E. 41, 2 Ann. Cas. 643); *Cooper* v. *Mitchell Inv. Co.*, 133 *Ga.* 769 (66 S. E. 1090, 29 L. R. A. (N. S.) 291." *Milner* v. *Gay*, 145 *Ga.* 858 (90 S. E. 65).

6. The remainder being vested in the father of plaintiffs, and the father having died before the time arrived for possessing the estate, his children are entitled to his vested interest. Civil Code (1910), § 3677.

7. The record does not show when W. E. Ward was born. It does show that he died in .1906, subsequently to the making of the Tyrrell deed and prior to the death of Mrs. Ward. If he was in life when the deed was executed and delivered, he took a vested-remainder interest; and having predeceased her, leaving two children, the plaintiffs in this case, these children took the interest which vested in their father, W. E. Ward. If W. E. Ward was born subsequently to the conveyance of Tyrrell to Mary Ann Ward, the remainder interest vested in him at the time of his birth. Two others of the children of Mrs. Ward died intestate, leaving neither widow nor child, and there has been no administration of their estates. The interests of these deceased children passed to the remaining children of Mrs. Ward and to the children of the deceased child, W. E. Ward, representing him.

8. The first special ground of the motion for a new trial complains that the court ruled out the evidence of the witness B. H. Claiborne, the substance of which is set out in the statement of the case herewith. It is argued by the defendant in error that this ground and two other similar grounds "present nothing for review, for the reason that it is not averred in such grounds that the movants offered the evidence." That objection can not be held valid, for the reason that the evidence in this case had already been admitted; consequently it must have been "offered in evidence." The court erred in ruling this evidence out. The consideration of a deed "may always be inquired into when the principles of justice require it." Civil Code (1910), § 4179.

9. It is also urged that the above-mentioned evidence was inadmissible for the reason that the same was opinionative, hearsay, and irrelevant. Neither of these reasons is sound. The evidence was ruled out as a whole, and not all of it was opinionative or hearsay or irrelevant. It was positive evidence of facts within the knowledge of the witness, rela-

tive to the issue. In no sense could it be said that the evidence was wholly either opinionative, hearsay or irrelevant.

10. Another objection was that the evidence "had reference to the intention of the maker of the deed and the intention of the grantee in receiving the same," and that "parol evidence as to the intention of the maker of the deed was properly excluded." That contention affords no sufficient reason to rule out the evidence as a whole. The evidence was not so material as to the intention of the maker as it was as to the positive instructions and statements of the maker of one of the deeds; that is, instructions given by Mrs. Ward to the scrivener at the time the transaction took place. The ruling out of this evidence was error requiring the grant of a new trial.

11. The second special ground complains that the court erred in "ruling out" the evidence of the plaintiff, W. G. Ward, in which the witness testified substantially that he and his brother were the only lineal heirs of their father, W. E. Ward, the date of the father's death, and the fact that neither the witness nor his brother had ever received any part of the estate of the grandmother, Mary Ann Ward. Other facts were stated which it is unnecessary to repeat here. The evidence was ruled out as a whole. This ruling was error. The third special ground complains of the ruling out of the evidence of the other plaintiff, C. N. Ward; and that ruling also was erroneous.

12. The court erred in directing a verdict. There were disputed issues of fact; more especially so, when the evidence erroneously ruled out is considered, requiring the submission of the disputed issues for the determination of the jury. Moreover, the defendants introduced no evidence; and at most the proper practice would have been for the court, where the plaintiff's evidence failed to make out a case, to grant a nonsuit, and not a verdict. *Judgment reversed. All the Justices concur.*

No. 9511. APRIL 13, 1933.

*J. A. McFarland* and *Mitchell & Mitchell,* for plaintiffs.
*W. M. Sapp* and *R. Carter Pittman,* for defendants.