### 23703. NEW v. FENNELL.

CANDLER, Presiding Justice. Maude Brantley New sued Talmadge Fennell for an improved lot of land in the City of Dublin, fronting on Bellevue Avenue, which the defendant purchased from Senie Bertha Lord on October 6, 1964. Her petition as amended alleges that she and Senie Bertha Lord were daughters of C. W. Brantley who died in 1933 while a resident of Laurens County; that C. W. Brantley on Decem-

ber 30, 1902, conveyed the property sued for to "Senie Bertha Lord during her natural lifetime and at her death to her children who may be in life at the time of her death"; that on the death of Senie Bertha Lord on October 5, 1965, she had no children in life, and title to the lot involved reverted to the estate of C. W. Brantley and became a part of the residue of his estate. As an exhibit to her petition, she attached a copy of C. W. Brantley's will which made no disposition of this particular property and a codicil thereto, Item 3 of which reads: "All property not specifically devised and bequeathed, I give, devise and bequeath to my daughter Maude Brantley New." She also attached to her petition, as an exhibit, a photostatic copy of a duly registered deed from C. W. Brantley to Senie Bertha Lord which was made from an official deed record of Laurens County. It shows that the deed from C. W. Brantley to Senie Bertha Lord was made on December 30, 1902, and was recorded on January 24, 1903, that the words "who may be in life at the time of her death" as originally written in the deed were stricken by drawing pen lines through them, and that immediately above the grantor's signature there is a written entry on the face of the deed which recites that the words "who may be in life at the time of her death" were stricken therefrom before such deed was signed by the maker. Following such stricken words and the description of the property conveyed, the deed recites, "The said Senie Bertha Lord to have a life estate in said premises and at her death, the same to go to her children." The original petition alleges that the deed from C. W. Brantley to Senie Bertha Lord was altered after its execution by striking therefrom the words "who may be in life at the time of her death" but "petitioner does not know the identity of the person or persons who altered said deed." An amendment to the petition alleges: "Your petitioner does not know the date and time when such alteration was made." Without striking the aforementioned allegations respecting such alteration of the deed, a subsequent amendment alleges that such alteration was made after the execution of such deed and after its delivery to Senie Bertha Lord. And without striking any of the aforementioned allegations, a further amendment to the petition alleges, "that said deed was not altered by C. W. Brantley." This amendment also alleges that the entry on the face of Brantley's deed of the words "who may be in

life at the time of her death" was made on the deed after its execution and after its delivery to Senie Bertha Lord. Neither the original petition nor any of its amendments alleges. that C. W. Brantley did not authorize any of the aforesaid alterations in his deed to Senie Bertha Lord. The amended petition also alleges that none of the children of Senie Bertha Lord were in life at the time of her death and that the land reverted to and became a part of the residue of C. W. Brantley's estate and passed to petitioner under Item 3 of the codicil to his will. The petition, as amended, was demurred to generally on the ground that it failed to state a cause of action for the relief sought. The demurrer was sustained and petitioner appealed that judgment to this court. *Held:*

1. On demurrer thereto pleadings are construed most strongly against the pleader and in the light of their omissions as well as their averments, and if an inference unfavorable to a party claiming a right under such pleadings may be fairly drawn from the facts alleged therein, such inference will prevail in determining the rights of the party. *Ed Smith & Sons, Inc. v. Mathis,* 217 Ga. 354 (1) (122 SE2d 97). Here the pleader alleges that a deed which C. W. Brantley executed and delivered in 1902 to Senie Bertha Lord, his daughter, was materially altered. Respecting such alterations the original petition alleges that petitioner "does not know the identity of the person or persons who altered said deed." A subsequent amendment alleges: "Your petitioner does not know the date and time when such alteration was made." Without striking these allegations, subsequent amendments allege that such alterations were made after the execution and delivery of such deed to the grantee, Senie Bertha Lord, and that they were not made by the grantor C. W. Brantley. These allegations are clearly inconsistent and contradictory and on application of the rule that on demurrer thereto a pleading will be construed most strongly against the pleader, we hold that the amended petition must be construed as alleging that petitioner does not know the identity of the person or persons who allegedly altered said deed nor the date and time when it was allegedly altered; hence the amended petition is insufficient to show that the deed here involved was materially altered *after* it was executed and delivered by C. W. Brantley to his daughter Senie Bertha Lord.

2. The deed from C. W. Brantley to his daughter Senie Bertha Lord was executed in 1902 and recorded in the deed records of Laurens County on January 24, 1903, more than 62 years prior to the institution of this litigation. As it appears of record, such deed conveyed the property sued for to Senie Bertha Lord for and during her natural life and after her death to her children. Where, as here, there is a grant of a remainder to children as a class, children in esse at the time of the execution of the deed take a vested remainder which opens for the purpose of letting in afterborn children. *Milner v. Gay,* 145 Ga. 858 (2) (90 SE 65). And since the deed from C. W. Brantley conveyed a vested remainder interest in the children of Senie Bertha Lord and they died before the time arrived for possessing the estate, their children or other heirs at law of them were entitled to take the vested remainder interest of such children on the death of the life tenant. *Ward v. Ward,* 176 Ga. 849, 850 (169 SE 120). While the amended petition alleges that none of the children of Senie Bertha Lord were in life at the time of her death, it nevertheless fails to allege that they were not survived by children or other heirs at law who would be entitled to take their vested remainder interest in the property sued for. This being an action to recover land, it is a well-settled principle of law that the plaintiff must recover on the strength of her own title and not on the weakness of the defendant's. Having alleged that none of the children of Senie Bertha Lord survived her, it was necessary, in order to show that the property reverted to the estate of C. W. Brantley, for petitioner to allege that such children of Senie Bertha Lord were not survived by children or other heirs at law.

3. For reasons stated in the two preceding divisions, the trial judge properly sustained the demurrer to the amended petition.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 14, 1966—DECIDED OCTOBER 6, 1966—REHEARING DENIED OCTOBER 20, 1966.

*Eric L. Jones,* for appellant.
*Nelson & Nelson, Carl K. Nelson,* for appellee.