45787. CHESTER et al. v. CANNON.
(371 SE2d 387)

GREGORY, Justice.

By deed dated November 12, 1938, Emmett Alderman reserved a life estate for himself and conveyed fifty acres of land in Bulloch County in fee simple "to his daughter Mary Alma Alderman Sconyers and her children born and to be born." Alderman explained in the deed that he intended "to convey to Mary Alma Alderman Sconyers so that the title to [sic] will open up and take in all unborn children."

It is often said that careful drafting removes the need for construction. Because this deed is unclear, the courts must determine Emmett Alderman's intention.

On the date of the conveyance Mary Alma had one child, appellant Bobby Gerald Sconyers. Subsequently, she had four more chil-

dren: appellee Alice Faye Cannon, born on September 8, 1940; and appellants Roy Edwin Sconyers, born on August 10, 1942; Larry Joe Sconyers, born on July 11, 1949; and Fannie Sue Standridge, born on November 8, 1954. The grantor, Emmett Alderman, died on December 16, 1947. On December 31, 1986, when Mary Alma died intestate, she was survived by her husband, and the stepfather of her children, appellant Robert Chester.

On January 8, 1988, Alice Faye filed suit against her siblings and stepfather for declaratory and injunctive relief. Following a bench trial the court entered judgment in favor of Alice Faye, holding the deed conveyed such interests that, on her death, Mary Alma and each of her five children owned an undivided one-sixth interest in the land. The court enjoined the others from interfering with the interest of Alice Faye. They appealed, arguing that the trial court erroneously interpreted the deed to include children not in being when the deed was executed.

We agree with the trial court's construction of Emmett Alderman's deed, but differ with its application to the facts of this case. The deed purportedly conveyed fee simple title to Mary Alma and her children, but the grantor reserved a life estate. We construe this deed to reserve a life estate in the grantor and grant a vested remainder subject to open in Mary Alma and her children "born and to be born."

OCGA § 44-6-65 allows the creation of remainders for persons not in being:

> Estates in remainder may be created for persons not in being. If such remainder is vested, it will open to take in all persons within the description who come into being up to the time the enjoyment of the estate commences.

At the time of the conveyance, Mary Alma and her son Bobby Gerald were in being and had vested remainders subject to open when the other children were born. See *Ward v. Ward*, 176 Ga. 849, 850 (169 SE 120) (1933).

In a case of this type, it is important to recognize the fundamental distinction between a present estate and a remainder, or future interest, because:

> Where the class gift is of a present estate, the membership of the class will be determined as of the effective date of the instrument creating the estate. Where the class is to take [a] future interest, the class need not be determined until the future interest becomes a present estate.

Agnor, "Class Gifts-The Confusing Rules," 6 Ga. St. B.J. 169,171

(1969).

As appellants argued, it remains "a well-established principle of law in this State, that a deed to *an immediate estate in land* made to a person not in esse is absolutely void." *Bank of Graymont v. Kingery*, 170 Ga. 771 (154 SE 355) (1930). (Emphasis supplied.)

But because Emmett Alderman reserved a life estate, the deed conveyed to his daughter and her children a future interest, not a present estate. Future interests were not at stake in *Bank of Graymont*; therefore, that case cannot disentangle Emmett Alderman's deed.

Although lives in being at the time of conveyance are significant if a present estate is concerned, the date when the previous estate terminates is controlling under OCGA § 44-6-65. The critical date for determining "the time the enjoyment of the estate commences," and thus the cut-off date for class membership, is not the date of Mary Alma's death as the trial court apparently determined but the date of Emmett Alderman's death.

Because the class closed at Emmett's death, even if Mary Alma had been childless at the time of the conveyance, all of her children born before the termination of Emmett's life estate would have received vested remainders. *Britt v. Fincher*, 202 Ga. 661 (44 SE2d 372) (1947).

Therefore, we agree with the trial court's construction of the deed, but because we find that the class closed on a different date we make a different finding concerning ownership of the land.

When Emmett died on December 16, 1947, Mary Alma, Bobby Gerald, Alice Faye, and Roy Edwin were lives in being. On that date, their future interests became present possessory interests in the fee simple estate, and the enjoyment of the estate commenced. Each took a one-fourth undivided interest in the land.[1] Because Larry Joe and Fannie Sue were born after the time the enjoyment of the estate commenced, they were not members of the class and take nothing under the deed.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED SEPTEMBER 7, 1988.

*Robert S. Lanier,* for appellants.

---

[1] Mary Alma's interest will pass by intestacy under OCGA § 53-4-2 (2) (Supp. 1988).

*Allen, Brown & Edenfield, Becky J. Dasher,* for appellee.